18  217
22   76

LUSTIG ET AL., PLAINTIFFS IN ERROR, v. THE PEOPLE OF THE STATE OF COLORADO, DEFENDANTS IN ERROR.

1. CONSTITUTIONAL LAW.
It is provided by the constitution that no warrant to search any place or seize any person or thing shall issue without describing the place to be searched, or person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation, reduced to writing.

2. SAME.
The " probable cause supported by oath or affirmation " prescribed by the constitution, is the oath or affirmation of those parties who depose to the facts upon which the prosecution is founded.

3. SAME—UNVERIFIED INFORMATIONS.
A prosecution and conviction under an information, not supported by the oath or affirmation of any person, is in violation of the seventh section of the Bill of Rights.

*Error to the County Court of El Paso County.*

THIS prosecution was commenced in the county court, by the filing of an information by the district attorney, charging the plaintiffs in error with keeping open a tippling house on the Sabbath day, contrary to law. The information was not sworn to by the district attorney, neither was it founded upon any preliminary examination previously held, nor upon the oath of any individual. Upon this information a warrant was issued upon which plaintiffs in error were arrested and brought into court.

A motion to quash the indictment was afterward interposed for the following reason, *inter alia ;* because such information

was not verified or presented upon the oath of any party. The motion to quash having been overruled, a trial, conviction and sentence followed:

Mr. J. K. VANATTA and Mr. WM. HARRISON, for plaintiffs in error.

Mr. J. H. MAUPIN, attorney general, for defendants in error.

CHIEF JUSTICE HAYT delivered the opinion of the court.

Authority to institute the prosecution by information is claimed under section 1 of an act entitled, " An Act to confer original jurisdiction upon county courts in misdemeanor cases."

" Section 1. Original jurisdiction is hereby conferred upon the county courts in each of the several counties of this state, in cases of misdemeanor, and such courts shall hereafter be empowered to try such cases upon information by the district attorney of the district in which such counties are situated." Session Laws, 1889, p. 101.

It is claimed that under this provision the information need not necessarily be based upon the oath or affirmation of any person, reduced to writing; that it is sufficient in this respect if signed by the proper prosecuting officer. In support of the position taken by counsel, reference is made to the common law. It is undoubtedly true that under the ancient common law the attorney general might inform against any party for a criminal offense, either upon sufficient evidence, or without any evidence at all.

But this rule of the common law has been essentially changed in this respect by the seventh section of our Bill of Rights, which provides that no warrant " to search any place, or seize any person or thing shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without probable cause, supported by oath or affirmation, reduced to writing." The language of

this section is too plain to admit of misconstruction. An information can serve no practical purpose in the administration of the criminal law, unless a legal warrant can be issued thereon. And to justify a warrant there must be a charge under oath, reduced to writing. The public prosecutor is no longer authorized to institute a criminal prosecution against any person by reason of his official signature merely. To allow him to do so would be contrary to the express provisions of the Bill of Rights quoted. And the "probable cause supported by oath or affirmation," prescribed by this section, is the oath or affirmation of those parties who depose to the facts, upon which the prosecution is founded. *U. S. v. Tureaud*, 20 Fed. Rep. 621.

This is now the settled law in the federal courts, under the fourth amendment to the Constitution of the United States, which is substantially the same as the provisions of our Bill of Rights: *U. S. v. Tureaud, supra; U. S. v. Maxwell,* 3 Dillon, 275; *U. S. v. Polite*, 35 Fed. 58; *U. S. v. Smith*, 40 Fed. 755.

Section 6 of the Bill of Rights of Illinois is almost identical with section 7 above quoted. The provisions of the Illinois constitution came before the supreme court of that state in the case of *Myers v. The People*, 67 Illinois, 503, and it was there held that an affidavit by the public prosecutor is essential to the validity of an information. In that case the information was based upon the oath of a private party, while in this case no oath whatever was required. See also *State v. Montgomery*, 8 Kansas, 351; *State v. Nulf*, 15 Kansas, 404.

The act with reference to informations to be found in the Session Laws of 1891, commencing at page 240, seems to have been prepared with special reference to the provisions of our Bill of Rights and the decisions of the courts based thereon. If carefully followed, errors like the one committed in this case will in the future be avoided.

As the information in this case is not supported by the oath or affirmation of any person, the prosecution and conviction

thereunder were in violation of the seventh section of our Bill of Rights. The motion to quash should have been sustained.

Judgment reversed.

*Reversed.*