[Nos. 5978, 5979.]

## MORSE v. THE PEOPLE (TWO CASES).

1. **Practice in Criminal Cases—Courts—Jurisdiction—Mode of Acquiring—Consent of Parties.**

Courts can entertain jurisdiction of causes only in the methods prescribed by law, and an agreement of the parties in contravention of such provisions has no force or effect.—P. 119.

2. **Same.**

Section 2678, Mills' Ann. Stats., provides that no appeal shall lie from a judgment of a justice of the peace in any. cause to the district court, but that such appeal shall be taken to the county court, and § 23, art. 6, Colo. const., provides that no appeal shall lie to the district court from any judgment given on appeal from a justice of the peace. Chapter 114, Sess. Laws 1905, makes it unlawful to engage in the business of an "itinerant vendor" without being licensed so to do, and section 16 of the act provides that justices of the peace shall have jurisdiction concurrent with district courts of all civil and criminal proceedings arising under the act. Held, that, while the district court would have jurisdiction of a criminal proceeding arising under the act. if properly brought in that court, it could not acquire jurisdiction by the transfer by consent of a proceeding, pending on appeal in the county court, and such a transfer being void, jurisdiction of the case remained in the county court. —P. 121.

*Error to the District Court of Rio Grande County. Hon. Charles C. Holbrook, Judge.*

C. F. Morse was convicted of selling certain manufactured articles without having procured a license, and brings error.

*Reversed and remanded.*

Mr. C. F. CLAY, for plaintiff in error.

Mr. WILLIAM H. DICKSON, attorney general, and Mr. SAMUEL HUSTON THOMPSON, Jr., assistant attorney general, for the people.

Mr. JUSTICE GODDARD delivered the opinion of the court:

The above numbered cases were commenced before a justice of the peace upon sworn complaints, charging the plaintiff in error with selling and exposing for sale certain manufactured articles in Rio Grande county, Colorado, without having procured a license from said county, as required by an act approved April 10, 1905, Session Laws 1905, p. 274.

Upon trial before the justice of the peace, he was convicted and fined fifty dollars and costs in one case, and thirty dollars and costs in the other. From these judgments he perfected an appeal to the county court of that county. Upon a stipulation entered into by the counsel for the people and the defendant, the causes were transferred by the county court to the district court of Rio Grande county.

For the purposes of the trial, the causes were consolidated, and tried to the court upon an agreed statement of facts. The defendant was found guilty, and fined fifty dollars and costs upon both charges. To these judgments the defendant prosecutes writs of error.

The records in both cases being identical, for the purpose of filing abstracts of record and briefs the causes have been consolidated and argued together.

It is unnecessary to consider any of the numerous assignments of error argued by counsel for plaintiff in error, because the district court was without jurisdiction to hear the causes or render the judgments complained of, for the reason advanced by the attorney general.

As he well contends, the attempt of counsel for the respective parties to confer jurisdiction upon the district court by transferring the causes from the county court in the manner disclosed by the record, was of no avail; that there is no warrant for the course pursued by the county court, but such pro-

ceeding was in violation of the mandatory provisions of the statute and constitution.

2 Mills' Ann. Stats., § 2678, provides that:

"All appeals from judgments of justices of the peace, both in civil and criminal actions, shall be taken to the county court of the same county, and no appeal shall lie from a judgment of a justice of the peace, in any cause, civil or criminal, to the district court."

Section 23, article 6, of the constitution, provides that:

"No appeal shall lie to the district court from any judgment given upon an appeal from a justice of the peace."

· It is too well settled to require the citation of authorities, that courts can entertain jurisdiction of causes only in the methods prescribed by law, and the agreement of parties in contravention of such provisions has no force or effect whatever.

As was said by Justice Campbell in *Smith v. Smith*, 24 Colo. 114:

"Jurisdiction, if it attaches at all, is because the constitution, or some statute of the state, has given it."

If the course pursued by the county court could be held to confer jurisdiction upon the district court, then the parties could by indirection accomplish a result which they are expressly prohibited by the foregoing statute and constitutional provisions from doing directly.

In *Dykeman v. Budd*, 3 Wis. 640, the supreme court of Wisconsin had under consideration a proceeding identical with the one before us. The case was on appeal in the county court from a judgment of a justice of the peace, and the parties stipulated that the venue be changed to the circuit court. The

court, speaking of the jurisdiction of the circuit court in that cause, at page 643 said:

"The court in which the suit is brought cannot, by stipulation of the parties, transfer to another its own powers and responsibilities. As the law stood at the time of the change of venue in this case, the circuit courts had no jurisdiction of appeals from justices of the peace in civil cases, except in those, the venue of which was changed thereto in conformity with the provisions of the statute.  *  *  *  If jurisdiction could be acquired of appeals by the circuit court by stipulation of the parties, consent would open a clear and direct path from the justice to the circuit court without the intervention of the county court at all." And upheld the decision of the circuit court holding that the stipulation and order of the county court changing the venue to the circuit court was unauthorized and void.

Counsel for the plaintiff in error concedes that the law is as above stated, but contends that there was no attempt to confer jurisdiction of the subject-matter in these cases by stipulation, for the reason that jurisdiction was expressly conferred by the statute itself upon the district courts of this state, by section 16, Session Laws 1905, p. 279, which provides:

"Justices of the peace shall have jurisdiction concurrent with district courts to hear, try and determine all civil actions and all criminal proceedings arising under this act, or brought for the violation of any of the provisions of this act."

While it is true that the district court would have jurisdiction to try and determine a criminal proceeding arising under this act, if properly brought in that court, it cannot acquire jurisdiction by the transfer of a cause originating before a justice and pending on appeal in the county court, but must obtain jurisdiction, if at all, in the mode prescribed

by law, which would be by an indictment or by an information, verified as the statute requires.

"Jurisdiction to try and punish for a crime cannot be acquired otherwise than in the mode prescribed by law, and if it is not so acquired, any judgment is a nullity. A formal accusation is essential for every trial for crime. Without it the court acquires no jurisdiction to proceed, even with the consent of the parties, and where the law requires a particular form of accusation, that form of accusation is essential."—Cyc. Law & Procedure, vol. 12, p. 221, and cases cited in notes 88 and 89.

It is manifest, therefore, that the district court did not acquire jurisdiction either of the subject-matter or the person by the transfer to it of the causes by the county court. Such proceeding being void and of no effect, the jurisdiction to try the cases remains in the county court.

The judgments of the district court are, therefore, reversed, and the causes remanded to the district court with direction to re-transfer the same to the county court.      *Reversed and remanded.*

CHIEF JUSTICE STEELE and Mr. JUSTICE BAILEY concur.