[No. 6873.]

## CURL v. THE PEOPLE.

1. CRIMINAL LAW—*Information—Affidavit*—A criminal information contained two counts (1) for larceny, (2) for receiving stolen goods. It was supported by an affidavit that to the knowledge of the affiant the goods were stolen. Defendant proceeded to trial without objection upon this score, and was convicted under the second count. *Held,* that regarding the affidavit as insufficient as to the second count, it was at most a mere irregularity, and was waived by proceeding to trial without objection.

2. ——*Information—For Receiving Stolen Goods*—According to the weight of authority an information for receiving stolen goods need not give the name of the person from whom they were received. *Sault v. People,* 3 Colo. App. 502, distinguished.

3. STATUTE—*Waiving Statutory Right*—One against whom a criminal information is presented may waive the absence of an affidavit thereto.

4. ——*Irregularities—Substantial Rights of Accused*—The failure of an information for receiving stolen goods to state the name of the person from whom the goods were received does not affect the substantial rights of the accused, and under the statute (Rev. Stat. sec. 1986), no exception to the omission having been taken before trial, it is without avail after conviction.

*Error to El Paso District Court.*—Hon. W. S. MORRIS, Judge.

Mr. W. D. LOMBARD and Mr. ROSCOE P. ADY, for plaintiff in error.

Hon. BENJAMIN GRIFFITH, attorney general, Mr. GEORGE D. TALBOT, special counsel, Mr. JOSEPH E. FERGUSON, district attorney, and Mr. M. W. PURCELL, assistant district attorney, for defendant in error.

Mr. JUSTICE HILL delivered the opinion of the court:

The plaintiff in error was convicted of the crime of receiving stolen property; he brings the case here for review upon error.

The information contains two counts: the first, that of larceny, to-wit, fifty-four tons of coal of the value of $162, the property of The Atchison, Topeka and Santa Fe Railway Company. The second, that of receiving stolen goods. This count alleges that the defendant, for his own gain and to prevent the owner thereof from again possessing his property, did buy and receive certain stolen property, to-wit, fifty-four tons of coal of the value of $162, the property of The Atchison, Topeka and Santa Fe Railway Company, which property had theretofore been stolen from said company, etc., the defendant knowing when he so bought and received it that it had been stolen.

But one affidavit was filed with this information; in this, the affiant, of his own knowledge, states that this property was stolen by the defendant and that he, the affiant, is a competent witness to testify in the case. A warrant was issued upon this information; the defendant was arrested, arraigned and plead not guilty. Two trials were had. At the second, the defendant was convicted under the second count of the information, that of receiving stolen property. Upon a motion for a new trial, he raised, for the first time, the question of the sufficiency of the affidavit under which the information was filed, as to the second count, or to the want of any affidavit upon which this second count was based, for which reasons, he maintains that, under the provisions of section 7 of article II of our constitution, as well as section 1958, Revised Statutes, 1908, that the whole proceedings were null and void.

Counts in larceny for embezzlement and for receiving stolen goods may be joined in the same indictment or information.—Section 1952, Revised Statutes, 1908.

The information in this case being verified, the defendant was legally within the jurisdiction of the court under a valid warrant to the extent that the provisions of section 7 of article II of the constitution were complied with in that respect. The absence of a sufficient affidavit (if such is the case) to support the second count in the information was, at most, an irregularity, and any objection thereto should have been made before trial. The defendant not having done so, but having proceeded to two trials without raising any objection, for this reason or at all, he cannot be heard upon this objection, for the first time, after conviction.—*Brown v. The People,* 20 Colo. 161; *Taylor v. The People,* 21 Colo. 426.

As said by the supreme court of Washington in *Hammond v. State,* 28 Pac. (Wash.) 334:

"It bears the same relation to an information in a criminal action that it does to a complaint in a civil action. It is no substantial part of either the one or the other, and we see no reason why it may not be waived without prejudice to any substantial right of the defendant, or why he should not be held to have waived any irregularity or defect therein by not objecting before pleading to the merits."

In the case at bar there was filed with the information an affidavit by a witness competent to testify in the case; this affidavit charges the commission of a crime. Its sufficiency as to covering both counts in the information was not challenged until after conviction at the second trial. In such case we are of opinion that the defendant waived his right to challenge its sufficiency. This identical question was passed upon in *State v. Montgomery,* 79 S. W. (Mo.) 693, with the like result. Had the question been raised at the proper time, and in the appropriate manner, and been decided adversely to the contention of the plaintiff in error, a different ruling might prevail, but such a state of facts is not before us. No objec-

tions were taken to the issuance of the warrant for the reason of an insufficient verification; no complaint was made to the arrest; no motion was made to set aside the warrant or discharge the defendant for this reason. The failure to properly verify an information in all respects is not one which affects its sufficiency, and this failure (if such) unless presented below at the proper time cannot be considered by this court.—*Bergdahl v. The People*, 27 Colo. 302.

It is urged that the second count in the information fails to charge a crime, for the reason that nowhere therein is it stated from whom the stolen goods were received, or that the name of the party from whom they were received is to the district attorney unknown. This contention, like the first, was raised for the first time after conviction. It is unquestionably the duty of the district attorney, in his information, to inform the defendant of the specific crime of which he stands charged in such manner and form that he can be fully advised in order to properly prepare his defense. In the case at bar the defendant having failed to question the sufficiency of the information for this reason, and likewise having failed to request that this information be furnished him by a bill of particulars or in some appropriate manner, he will be deemed to have waived this defect or irregularity, if it is either, unless, without such allegation this count in the information fails to charge the commission of a crime.

In Wharton's Criminal Law 9th Ed.), section 997, at page 816, in commenting upon the sufficiency of this kind of an indictment, the author says:

"The indictment need not set forth the name of any person from whom the goods were received, nor, according to the preponderance of authority, that they were received from some person or persons unknown. When, however, the principal felon is named, a variance is fatal."

This rule is supported by the great weight of authority in *Rex. v. Jervis*, 6 Carrington & Payne, 156; 3 Chitty's Criminal Law, 991; *Huggins v. The People*, 135 Ill. 243; *State v.*

*Hazard,* 2 R. I. 474; *People v. Ribolsi,* 26 Pac. (Calif.) 1082; *State v. Guild,* 149 Mo. '370; *State v. Hanna,* 57 Pac. (Ore.) 629.

In Vol. 34, Cyc. at page 521 the same principle is set forth with cases cited to support it from California, Florida, Indiana, Louisiana, Ohio, Rhode Island, Wyoming, the United States courts and England.

It is claimed, however, that in this jurisdiction we are committed to a contrary doctrine, for the reason that in *Sault v. The People,* 3 Colo. App. 502, it was said that the name of the person from whom the goods were received is an essential element to charge the commission of this crime, and as this ruling has never been reversed, it should be followed in this case. That question was not before the court of appeals for determination in that case; the information there charged that the property was received from a person whose name was unknown to the district attorney. The evidence of the people disclosed that this statement was not correct, but that in fact at the time of the filing of the information the name of the party from whom the goods were received was known to the district attorney; for this reason it was held that the variance between the information and the proof was such that a conviction based thereon could not stand. It is true that in his opinion Mr. Justice Thomson states that the information should contain the name of the party from whom the goods were received, if known; and if unknown by the district attorney that fact should be so stated in order to give the defendant full opportunity to prepare his defense thereto; but such a case was not before the court, and the judgment was reversed upon account of the variance between the allegation in the information and the proof offered to support it.

It is unnecessary in this case to determine whether an attack of this kind can be successfully made against an information which fails to allege from whom the goods were received, for the reason that this question was not raised in the court below at the proper time. Before trial the defendant

made no contention that prejudice would result to him from.
the failure to apprise him in the information of the name of
the party from whom he received the stolen goods; nor did he
then request that it be furnished him at all. The date upon
which he received the goods was alleged; the quantity, value
and ownership were given; the gravamen of the offense
charged is in feloniously receiving the stolen property belong-
ing to another knowing that it had been stolen. The person
from whom it was received is not the essence of the offense,
hence, the name of such person could not in all cases be abso-
lutely material. We think the principle announced in the case
of *Lace v. The People,* 43 Colo. 199, concerning the sale of
intoxicating liquors in certain places, is applicable and that
the information charges a crime without this allegation.

Chapter 163 of our Criminal Code, Session Laws, 1907,
at pages 353 and 354 reads in part as follows, "no indictment
or information shall be deemed insufficient, nor shall the trial,
judgment or other proceedings thereon be reversed or af-
fected by any defect which does not tend to prejudice the sub-
stantial rights of the defendant on the merits."

We are of opinion that under the circumstances of this
case, that any defect, if such did exist in this respect, did not
tend to prejudice the substantial rights of the defendant upon
the merits.

We cannot agree with the contention that there was suffi-
cient change in the testimony of the witness More at the sec-
ond trial from that given at the first to justify the granting
of a new trial. The contention that the defendant was taken
by surprise pertaining to anything which he could have over-
come concerning this witness' testimony, is not supported by
any showing to that effect. It is true, that the testimony of
the witness More was both injurious and hurtful to the de-
fendant's case, as it tended to establish his guilt, but that was
what it was offered for. At the second trial it was more full
and complete that at the former trial. This might be occa-
sioned by the second examination of the witness where the

matters appear to have been brought out more fully in details pertaining to the transaction, conversations, etc., but we fail to find any material conflict between the two; the dates and details of the transaction, generally speaking, appear to be the same. Some conversations and more elaborate details of the transaction were gone into and brought out at the second trial than were at the first. It is hardly probable that a witness will ever give in detail the identical state of facts in testifying at different times, especially concerning the substance of sundry conversations. The defendant, by his counsel had the right on their cross-examination of this witness, and fully exercised it as far as they desired, in questioning him pertaining to his former testimony and showing the conflict, if any, between the two. The weight to be given his testimony, including the effect which this conflict had upon it, were matters solely for the jury to determine.

It is earnestly urged that the testimony is insufficient to support the verdict. We have given it careful consideration and are of opinion that there is evidence upon which the jury might find as they did. While there are some matters which tend strongly to sustain the contention of the defendant, yet the weight to be given all such was for the jury to determine; they having done so, it would be a usurpation of their duties upon our part to disturb such findings.

Other errors assigned have been considered.

Perceiving no prejudicial error the judgment is affirmed.

*Affirmed.*

Decision *en banc.*

CHIEF JUSTICE CAMPBELL not participating.

Decided June 3, A. D. 1912. Rehearing denied November 11, A. D. 1912.