(No. 15780.—Judgment reversed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LOY SHOCKLEY, Plaintiff in Error.

*Opinion filed February 19, 1924.*

1. CRIMINAL LAW—*an affidavit on information and belief is not sufficient to support an information—amendment.* An affidavit on information and belief is not sufficient to support an information charging violation of the Prohibition act, and an amendment striking from the affidavit the words "as he is informed and verily believes" is not sufficient unless the affiant is re-sworn to the affidavit.

2. PLEADING—*an amended affidavit must be re-sworn to.* While the rule in relation to the amendment of affidavits is liberal, it is a general rule that after a material amendment of an affidavit the affiant must be re-sworn thereto, as he cannot otherwise be convicted of perjury if the affidavit as amended be false.

THOMPSON, J., dissenting.

WRIT OF ERROR to the County Court of Hardin county; the Hon. A. A. MILES, Judge, presiding.

CHARLES DURFEE, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, CLARENCE E. SOWARD, State's Attorney, and GEORGE C. DIXON, (JAMES W. GULLETT, of counsel,) for the People.

Mr. JUSTICE STONE delivered the opinion of the court:

The State's attorney of Hardin county filed an information containing six counts, charging the plaintiff in error with violating the Illinois Prohibition act. Supporting the information was the affidavit of Clarence E. Soward, which reads as follows: "Clarence E. Soward, after being duly sworn, on his oath states that the within information against Loy Shockley is true, as he is informed and verily believes." The county judge of that county certified that he had examined the information and the affidavit, and being satisfied that probable cause existed for filing the same, ordered it

filed and a *capias* was issued. On a hearing the plaintiff in error moved to quash the information upon the ground that it was not supported by an affidavit and that it did not state an offense under the law. The State's attorney filed a cross-motion for leave to amend the information by striking from the affidavit thereto the words, "as he is informed and verily believes." The court sustained the cross-motion, and thereafter plaintiff in error renewed his motion to quash the information, which was overruled and the cause proceeded to trial. The jury returned a verdict convicting the plaintiff in error on the fourth and sixth counts of the information. Plaintiff in error filed a motion for a new trial, assigning the grounds that the information did not state an offense under the law and that it was not supported by an affidavit. These motions were overruled, as was a motion in arrest of judgment, and judgment was entered on the verdict, assessing a fine of $100 on each of the two counts and committing the plaintiff in error to jail until the fine and costs were paid. Plaintiff in error brings the cause here on the theory that his constitutional right was violated by forcing him to trial upon an information not supported by affidavit.

An affidavit on information and belief is not sufficient. (*People* v. *Clark,* 280 Ill. 160; *Lippman* v. *People,* 175 id. 101.) While the rule in this State in relation to the amendment of affidavits is liberal, (*Keith* v. *Ray,* 231 Ill. 213,) yet the general rule is that after a material amendment of an affidavit the affiant must be re-sworn thereto, as he can not otherwise be convicted of perjury if the affidavit as amended be false. (*Atlantic Bank* v. *Frankford,* 61 N. C. 199; *State* v. *Lavery,* 31 Ore. 77; *Baker* v. *York,* 65 Ark. 142; *Pierson* v. *Wilcox,* 44 Eng. Ch. 752; 2 Corpus Juris, 372.) The affidavit prior to amendment did not state that the facts contained in the information were true but merely that the affiant believed them to be true. This was not an affidavit of the truth of the matter set up in the informa-

tion, and the amendment striking out the words, "as he is informed and verily believes," does not constitute an affidavit as to the facts in the information. The affidavit was not sworn to after the amendment and the information was not verified as required by law, and plaintiff in error's motion to quash the same should have been sustained. For the error in overruling that motion the judgment is reversed.

*Judgment reversed.*

Mr. JUSTICE THOMPSON, dissenting:

The conclusion reached by the court in this case is based upon the decision in *People* v. *Clark, supra.* That case holds that section 6 of article 2 of the constitution of 1870 requires that an information charging the commission of a crime must be supported by affidavit, and that that portion of section 117 of the County Court act which authorizes a prosecution by information, supported by an affidavit on information and belief, is unconstitutional. Section 6 reads: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated; and no warrant shall issue without probable cause supported by affidavit particularly describing the place to be searched and the persons or things to be seized." As I read this section there is no language in it which supports the conclusion reached in the case cited.

I agree with much of the argument in the opinion to the effect that prosecutions by information should not be permitted unless the information is supported by affidavit, but there is nothing in the constitution which warrants the holding that an unsworn information will not support a judgment of guilty. The constitution authorizes the prosecution of minor misdemeanors by information and it leaves the details governing such prosecutions to the legislature. It is true that "no warrant shall issue without probable cause, supported by affidavit;" but suppose the prisoner is ar-

311—17

rested without a warrant, as he may be under the common law and under the statutes of the State; what is there in the constitution that requires the complaint or information on which he is prosecuted to be supported by affidavit?

Plaintiff in error submitted to the jurisdiction of the court by filing his motion to quash the information. The court had jurisdiction of the subject matter, and by entering his general appearance plaintiff in error gave the court jurisdiction of his person.

In my opinion the judgment should be affirmed.