No. 17,385.

Solt *v.* The People.
(272 P. [2d] 638)

Decided July 6, 1954.

2

Mr. J. CORDER SMITH, Mr. BERTON T. GOBBLE, for plaintiff in error.

Mr. DUKE W. DUNBAR, Attorney General, Mr. FRANK A. WACHOB, Deputy, Mr. NORMAN H. COMSTOCK, Assistant, for the People.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the Court.

LELAND SOLT was charged in the district court, and, upon trial before a jury, found guilty of operating a motor vehicle upon and over the public highways of the State of Colorado while under the influence of intoxicating liquor. He was adjudged guilty and fined in the sum of $250.00. He brings the cause to our Court by writ of error seeking a reversal of the judgment.

On the trial the evidence introduced by the people established beyond all reasonable doubt that defendant was driving an automobile on a public highway while under the influence of intoxicating liquor, and he offered no evidence whatever in his own behalf.

When defendant was arrested by a Colorado state patrolman he was given a document designated as a "Summons" which required him to be in the justice of the peace court the following morning, December 4, 1952. On this so-called summons was the following notation: "I hereby promise to appear at the time and place mentioned." which defendant signed. Subsequently defendant filed his "Affidavit and Motion for Change of Venue" which was granted, and the cause transferred to another justice of the peace. No trial of any charge was ever held before any justice of the peace.

March 11, 1953, the district attorney filed an information in the district court wherein it was charged that defendant, on the 3rd day of December, 1952, "did then and there wrongfully operate a motor vehicle * * * upon and over the public highways in said county and state while under the influence of intoxicating liquor." A criminal capias was issued out of the district court; de-

fendant was arrested thereunder; entered his plea of not guilty, and gave bond for his appearance. The district court case was tried September 9, 1953, resulting as hereinbefore indicated.

Defendant filed a motion for new trial, basing the same on three grounds: 1. That the district court was without jurisdiction because of the pending action for the identical offense on the docket of the justice of the peace court; 2. because of the giving of Instruction No. 8 over the objection of defendant; 3. the use of the word "operate" instead of "drive" in the information. This motion was denied. Counsel for defendant then filed a motion in arrest of judgment based upon the same alleged errors specified in the motion for new trial, which motion likewise was denied.

We shall discuss the grounds of defendant's motion for new trial in the order presented therein.

1. Driving an automobile upon the public highways of the State of Colorado while under the influence of intoxicating liquor is a misdemeanor. Section 4, chapter 75, page 229, S.L. Colo. 1939, amending section 187, chapter 16, '35 C.S.A., as amended by section 1, chapter 70, page 214, S.L. Colo. 1939. Section 7, Article II of the Constitution of the State of Colorado provides: "The people shall be secure in their persons, papers, homes and effects, from unreasonable searches and seizures; and *no warrant* to search any place *or seize any person* or thing shall issue without describing the place to be searched, or the person or thing to be seized, as near as may be, nor without proper cause, *supported by oath or affirmation* reduced to writing." (Italics ours). Section 158, chapter 96, '35 C.S.A., gives a justice of the peace court original jurisdiction concurrent with that of county and district courts in all cases of misdemeanor, and authorizes the issuance of a warrant *"upon complaint being made as required by law."* Section 463, chapter 48, '35 C.S.A., specifies the procedure to be followed by the district attorney in the dismissal of any criminal case.

Section 481, chapter 48, '35 C.S.A., sets out the procedure where a defendant demurs to or moves to quash an indictment (or information).

In the instant case the arrest was made and a *notice* instead of a *summons* should have been served by the arresting officer under the provisions of section 291, chapter 16, '35 C.S.A., as the same was amended by section 3, chapter 74, page 224, S.L. Colo. 1939.

There was no criminal action pending in the justice of the peace court by virtue of the summons served by the patrolman and agreed to by defendant. *Lustig v. People,* 18 Colo. 217, 32 Pac. 275, and *Morse v. People,* 43 Colo. 118, 95 Pac. 285. The provisions of section 7, Article II of the Constitution of the State of Colorado, supra, must be followed before a justice of the peace acquires any jurisdiction. There being no criminal case pending in the justice of the peace court, it follows that the provisions of section 463, chapter 48, '35 C.S.A., supra, are inapplicable, and the district attorney's direction to dismiss the so-called charge in the justice of the peace court about ten minutes before the trial began in the district court was unnecessary.

2. Instruction No. 8, given by the trial court over the objection of defendant, reads: "The Court instructs the jury that the definition of a driver provided by the statute is every person who drives or in actual, physical control of the vehicle." To the giving of this instruction defendant's objection was: "Defendant objects to the giving of Instruction No. 8 and states as the ground for same that the jury is instructed that a driver is one who is actually, physically in control of a vehicle, while the statute states 'who shall drive any vehicle upon any highway within this state shall be guilty of a misdemeanor * * *' and therefore, that Instruction No. 8 does not state the law in this case."

The undisputed evidence is that defendant was the driver of the automobile at the time of his arrest; that he was under the influence of intoxicating liquor; that

6

the automobile was being driven on a public highway of the state, and neither the objection to the giving of Instruction No. 8 nor the argument in support thereof merits approval.

3. It should be observed that under amended section 187, supra, it is a misdemeanor for any person under the influence of intoxicating liquor to drive an automobile on the public highways, and it should also be noted that the information herein charges that defendant while under the influence of intoxicating liquor operated an automobile on the public highways. At the conclusion of all of the evidence and after the people had rested, the use of the word "operate" in the information was first called to the court's attention. If defendant desired to object to the information or have the same quashed because of the use of the word "operate" he should have done so by motion in accordance with the provisions of section 481, chapter 48, '35 C.S.A., which motion could not properly be entertained by the trial court while defendant's plea of not guilty stood on the record. *Critchfield v. People,* 91 Colo. 127, 13 P. (2d) 270.

The record discloses that defendant had a fair and impartial trial and that no error was committed therein. The judgment, accordingly, is affirmed.