No. 22977.

Steven Lee Stubert *v.* The County Court for the County of Jefferson and Robert K. Willison, Judge of the County Court for the County of Jefferson.
(433 P.2d 97)

Decided September 25, 1967.     Rehearing denied November 20, 1967.

JOHN S. CARROLL, for petitioner.

EDWARD N. JUHAN, District Attorney, NOLAN L. BROWN, Deputy, for respondents.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

ON January 22, 1967 one Steven Lee Stubert was arrested on the open road by a State Highway Patrolman, who then promptly proceeded to place Stubert in the county jail of Jefferson County. A few hours later Stubert was released from the county jail, and more-or-less contemporaneous with his release the patrolman issued Stubert a so-called "standard summons and complaint form." In this "summons and complaint" Stubert was charged with violating the Motor Vehicle Code of the State of Colorado in several particulars. More specifically, Stubert was charged therein with driving seventy miles per hour

in a forty-five miles per hour zone; driving a motor vehicle while his license was suspended; driving a motor vehicle while under the influence of intoxicating liquor; and attempting to elude a police officer. The "summons and complaint" which was issued to Stubert, however, was unverified, and therein lies the root of this entire controversy.

Though the summons and complaint was unverified, it should be noted that it was signed by the arresting officer, who "stated" therein that "he has reasonable grounds for believing that the aforementioned offense or offenses was or were committed in fact, and was or were committed by the defendant against the peace and dignity of the People of the State of Colorado." And the offenses referred to above were spelled out in detail.

When Stubert appeared in the county court of Jefferson County in response to these various charges, his counsel filed a motion to dismiss, contending that the county court was without jurisdiction to proceed because there was no verification of the summons and complaint. Upon hearing this motion was denied by the Honorable Robert K. Willison, a county judge. It was at this juncture that Stubert brought an original proceeding in this court, naming as respondents the county court for Jefferson County and the aforementioned Honorable Robert K. Willison. In response thereto we issued a rule to show cause. The respondents have now filed their answer, and the matter awaits our determination.

In support of the contention that the summons and complaint issued Stubert is of no effect because it was not verified, counsel relies primarily, although not exclusively, upon the Fourth Amendment to the Constitution of the United States and Article II, § 7 of the constitution of Colorado. Accordingly, reference will now be made to the aforementioned constitutional provisions.

The Fourth Amendment to the Constitution of the United States provides as follows:

"Searches and seizures regulated. — The right of the

people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures shall not be violated; and *no warrant shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing* the place to be searched, and *the persons* or things *to be seized.*" (Emphasis added.)

Article II, § 7 of the constitution of Colorado, provides as follows:

"*Security of persons and property — searches — seizures — warrants.* — The People shall be secure in their persons, homes and effects, from unreasonable searches and seizures; and *no warrant to* search any place or *seize any person* or things *shall issue without describing* the place to be searched, or *the person* or thing to be seized, as near as may be, *nor without probable cause, supported by oath or affirmation reduced to writing.*" (Emphasis added.)

The respondents' position is that the aforementioned constitutional provisions have no application to the instant factual situation, and that on the contrary disposition of the present controversy is governed entirely by the Simplified Criminal Procedure for Trial of Misdemeanors, as set forth in 1965 Perm. Supp., C.R.S. 1963, 37-17-1, *et seq.*, and by our recently adopted Rules of Criminal Procedure in the County Courts.

By way of additional background information, reference should be made to Article VI, § 21 of the Colorado constitution. This particular section, adopted by the People on November 6, 1962 to become effective on January 12, 1965, reads as follows:

"Rule making power. — The supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases, *except that the general assembly shall have the power to provide simplified procedures in county courts for claims not exceeding five hundred dollars and the trial of misdemeanors.*" (Emphasis added.)

As already indicated, the General Assembly in 1964 enacted into law that which was denominated by that body as "Simplified Criminal Procedure for the Trial of Misdemeanors," with the proviso that said law was to become effective on January 12, 1965. This particular legislative enactment now appears as 1965 Perm. Supp., C.R.S. 1963, 37-17-1, *et seq.*

Paralleling and supplementing this particular bit of legislation, this Court adopted on January 11, 1965, to become effective on January 12, 1965, a "Simplified Criminal Procedure for Trial of Misdemeanors," which now appears as Rule 106, *et seq.*, in the Rules of Criminal Procedure in the County Courts.

Some definition of our terms is now in order. 1965 Perm. Supp., C.R.S. 1963, 37-17-2, as well as Rule 106(a)(4) of the Simplified Criminal Procedure for Trial of Misdemeanors, defines a "summons and complaint" as being a "single document containing all of the requisites of a summons and complaint."

1965 Perm. Supp., C.R.S. 1963, 37-17-5, as well as Rule 106(c)(3) of the Simplified Criminal Procedure for Trial of Misdemeanors, then provides that any peace officer may issue a "summons and complaint" for an offense constituting a misdemeanor if the offense was committed in his presence or, if not committed in his presence, "concerning which he has reasonable grounds for believing was committed in fact and was committed by the person charged."

1965 Perm. Supp., C.R.S. 1963, 37-17-7 and Rule 106(c)(4) of the Simplified Criminal Procedure for Trial of Misdemeanors then go on to state that the aforementioned "summons and complaint" shall contain the following:

1. the name of the defendant; 2. the offense charged; 3. a citation of the statute alleged to be violated; 4. a brief statement or description of the offense charged, including the date and approximate location thereof; and 5. the direction that the defendant appear before a

specified county court at a stated date, time and place.

It should be noted that the foregoing statute, and rule, also provide that the summons and complaint may contain such other information "as is required by law for specific offenses," but this proviso has no particular application in the present case.

Respondents contend that insofar as the foregoing statutes and rules are concerned there simply is no requirement that a "summons and complaint" when issued by a police officer be verified. There being then no such requirement, verification of the summons and complaint issued to Stubert was unnecessary, claim the respondents.

Counsel for the petitioner views this particular matter in a different light. He argues that none of the aforementioned statutes of rules *affirmatively* provide, in so many words, that a summons and complaint issued by a peace officer need *not* be verified, and he reasons therefrom that such a complaint must therefore *be* verified. It is quite true that neither the applicable statute nor rule makes *any* mention or reference to the necessity for verifying a summons and complaint issued by a peace officer. Be that as it may, counsel's argument in this particular doesn't really answer the question.

■ Laying aside for the moment constitutional issues, our initial problem is to determine the legislative intent insofar as the foregoing statutes are concerned. Did the legislature intend that a summons and complaint such as the one issued Stubert by the State Highway Patrolman be verified; or on the contrary, was it intended that such a summons and complaint need not be verified? We hold that the intent of the legislature was that it need not be verified.

■■ By carefully spelling out in detail the "contents" of a summons and complaint issued by a peace officer, the fact that there is no mention of any requirement that the "summons and complaint" contain a verification becomes quite significant. In other words, the

"contents" of a summons and complaint are those things enumerated in 1965 Perm. Supp., C.R.S. 1963, 37-17-7, *nothing more, nothing less.* The *expression* of one thing has long been said to mean the *exclusion* of another.

Additionally, the fact that 1965 Perm. Supp., C.R.S. 1963, 37-17-7 makes no mention of any requirement that the "summons and complaint" issued by a peace officer be verified is deemed most significant when it is noted that 1965 Perm. Supp., C.R.S. 1963, 37-17-6 states that a summons (as opposed to a summons and complaint) may issue if "sworn complaint has been filed." In other words, having in one section of the *same* statute referred to a "sworn complaint," the fact that the legislature as concerns the issuance by a police officer of a "summons and complaint" makes no mention of any verification requirement is of all the more significance.

Finally, the fact that the General Assembly in 1964 did *not* see fit to affirmatively require that the "summons and complaint" with which we are here concerned be verified is deemed significant, when it is noted that C.R.S. 1963, 39-4-2, which would appear to apply to an information charging a misdemeanor, does *affirmatively* require such verification. In other words, *if* the legislature intends that there be a verification, it says so; and if no mention is made of the necessity for verification, then none is required. Hence, in our view C.R.S. 1963, 39-4-2, which specifically requires verification, is to this extent modified by 1965 Perm. Supp., C.R.S. 1963, 37-17-7, which does *not* require a verification of a summons and complaint charging a misdemeanor and issued by a peace officer.

For all of these reasons we conclude that it was the intent of the legislature that there need be no verification of a summons and complaint issued by a police officer and charging the commission of a misdemeanor. And the construction which we now give Rule 106 (c) (4) of our Rules of Criminal Procedure in the County courts is to the same effect.

Having determined, then, that there is nothing in the applicable statutes, or rules, which requires that the summons and complaint issued in the instant case by the state highway patrolman be verified, we next turn to the main contention of the petitioner, which is that the constitutions of both the United States and Colorado require such verification.

As we read the Fourth Amendment to the United States Constitution and Article II, § 7 of the Colorado constitution, we find absolutely nothing contained within the four corners of either of these provisions which requires that a "summons and complaint" of the type issued in the instant case be verified. On the contrary, insofar as is pertinent to our present discussion, those two constitutional provisions provide that an *arrest warrant* shall not issue "but on probable cause, supported by oath or affirmation." In the instant case insofar as we are advised we are not at all concerned with the issuance of any warrant calling for the arrest of Stubert. The summons and complaint was simply the method by which the State Highway Patrolman instituted criminal proceedings against Stubert, and it was never intended that any warrant for arrest should issue, nor did one issue, on the basis of the summons and complaint thus served on Stubert. The arrest in the instant case came *before* any summons and complaint was ever served, and occurred when the State Highway Patrolman actually witnessed Stubert's various acts of alleged driving misconduct which formed the basis for the subsequent charges filed against him. And in this regard C.R.S. 1963, 39-2-20 specifically provides that an arrest may be made by an officer or by a private person without warrant for a "criminal offense" committed in his presence, and by an officer when a criminal offense has in fact been committed, even though not in the presence of the officer, if the officer nonetheless has reasonable ground for believing that the person to be arrested has committed it. Without belaboring, then, that

which we deem to be self-evident, we perceive *nothing* in the Fourth Amendment to the United States Constitution or Article II, § 7 of the Colorado constitution which requires that the "summons and complaint" issued Stubert be verified.

Counsel next argues that even though the aforementioned constitutional provisions may only require that a warrant for arrest issue only upon probable cause, supported by oath or affirmation, that nevertheless prior decisions of this Court, which are said to be in line with the general rule on this subject, require the verification of a criminal information even though such information is not intended to be used as the basis for obtaining the issuance of warrant of arrest. Some background material is deemed appropriate at this point to put this particular matter in better focus.

27 Am. Jur, 615 reads as follows:

*"Verification or Supporting Oath.* — At common law an information is not required to be verified, and it is a common rule throughout the United States, in the absence of any constitutional or statutory requirement, that express verification is not essential to the validity of an information, the official oath of office of the prosecuting attorney being deemed sufficient."

\* \* \* \*

*"Under the Fourth Amendment to the Federal Constitution an information intended to serve only as an accusation of crime need not be verified, although verification is necessary where the information is to serve as the basis for a warrant of arrest.* On the other hand, a similar provision of a state Constitution has been construed as not requiring any verification other than the official oath of office of the prosecuting attorney *in any event,* although a contrary rule has been adopted in some states." (Emphasis added.)

■■ And in the same general vein, see 42 C.J.S. 947-8 where the following appears:

"At common law an information was not required to

be verified, and this is still the rule in many jurisdictions; but in other jurisdictions verification is required, at least if the information is used as the basis of a warrant or arrest, or if alternative procedures permitted by statute have not been followed. In any event, the verification is not a part of the information and its absence does not deprive the court of jurisdiction.

"At common law an information could be filed by the prosecuting attorney on his oath of office and was not required to be otherwise verified, but at present, it has been pointed out, the constitutional or statutory provisions of the particular jurisdiction determine whether or not informations are required to be verified. In some jurisdictions the information must be verified, but in many jurisdictions, *particularly those in which the constitutional or statutory provisions are silent on the subject, the general rule is that an information need not be verified and may be filed by the prosecuting attorney merely under his oath of office.*" (Emphasis added.)

Insofar as decisions of the Supreme Court of the United States are concerned, counsel for the petitioner relies primarily upon *United States v. Morgan,* 222 U.S. 274, 32 S. Ct. 81, 56 L.Ed. 198. More particularly, counsel relies upon language appearing on page 282 of that opinion:

". . . . A further answer is, that as to this and every other offense the Fourth Amendment furnishes the citizen the nearest practicable safeguard against malicious accusations. He can not be tried on an Information unless it is supported by the oath of some one having knowledge of facts showing the existence of probable cause."

Does this particular language *require* us to hold that the summons and complaint issued Stubert be verified? We hold that it does not. It is of interest to note that the foregoing quotation from the *Morgan* case is not supported by any citation of authority. And a careful

reading of the opinion will clearly disclose that it is dictum of the classic type. In that case Morgan contended that before he could be prosecuted for a violation of the Pure Food and Drug Act he was entitled to a sort of preliminary hearing before the Department of Agriculture. Morgan argued that this was the intent of Congress and that it was intended to be a sort of safeguard against malicious prosecution. The Supreme Court of the United States rejected this argument and held that such was *not* the intent of Congress. It was in this setting that the Supreme Court of the United States opined, by way of "further answer," that there were *other* safeguards against malicious prosecution, one of which was that one could not be tried upon an information, unless it be verified. That statement was not necessary or essential to a determination of the case there at hand, and was apparently intended to allay Morgan's fear that he, and others like him, might be subject to malicious prosecution. Hence, the foregoing quotation from the *Morgan* case is dictum.

The only other decision of the Supreme Court of the United States relied upon by counsel for the petitioner in support of his assertion that these "constitutional mandates apply not only to warrants but also to criminal complaints" is *Giordenello v. United States,* 357 U.S. 480, 78 S. Ct. 1245, 2 L.Ed.2d 1503. But the *Giordenello* case is clearly distinguishable from the one at hand. There Giordenello was arrested by a Federal Bureau of Narcotics agent who at the time of the arrest was armed with a warrant of arrest issued upon the agent's sworn complaint. Later, Giordenello challenged his arrest, and the seizure of narcotics from his person, not on the ground that the complaint was not sworn to, but on the ground that the complaint contained "conclusions" and not "facts." In the *Giordenello* case, then, the complaint was verified and an arrest warrant did issue. We find no language in *Giordenello v. United States, supra,* which would support the contention that the Fourth Amend-

ment to the Constitution of the United States requires *all* informations to be verified, even though the information is not to form the basis for the issuance of a warrant for arrest.

In support of the proposition that insofar as the Fourth Amendment to the Constitution of the United States is concerned, a criminal information need not be verified, unless it is to serve as the basis for the issuance of an arrest, see *Weeks v. United States*, 216 F. 292. At page 302 appears the following pertinent language:

". . . . If the fourth amendment makes it necessary that, under all circumstances, an information must be verified or supported by an affidavit showing probable cause, then proceedings had in the prosecution of the defendant cannot be sustained. *But the right secured to the individual by the fourth amendment, as we understand it, is not a right to have the information, by which he is accused of crime, verified by the oath of the prosecuting officer of the government or to have it supported by the affidavit of some third person. His right is to be protected against the issuance of a warrant for his arrest, except 'upon probable cause supported by oath or affirmation,' and naming the person against whom it is to issue.* If the application for the warrant is made to the court upon the strength of the information, then the information should be verified or supported by an affidavit showing probable cause to believe that the party against whom it is issued has committed the crime with which he is charged. But, if no warrant has issued, no arrest has been made, and the person has voluntarily appeared, pleaded to the information, been tried, convicted, and fined, we fail to discover wherein any right secured to him by the fourth amendment has been infringed. The fact that in the case at bar the defendant demurred to the information because it was not verified, and then pleaded not guilty only after his obligation to the demurrer was overruled, does not affect the matter. There was nothing in the ruling of the

court that deprived him of his constitutional right to have no warrant issued for his arrest 'but upon probable cause supported by oath or affirmation.' No such warrant has been at any time issued, and no application for its issuance has ever been so much as requested." (Emphasis added.)

*Weeks v. United States, supra,* was cited, apparently with approval in *Albrecht v. United States,* 273 U.S. 1, 47 S. Ct. 250, 71 L.Ed. 505. In the Albrecht case it was held that even though the *arrest* was invalid because the information was unverified, that it did not follow that the information under which Albrecht was convicted "was or became void." To the contrary, the Supreme Court of the United States upheld the conviction even though the information was unverified and *had* formed the basis for the issuance of an arrest warrant.

At this juncture reference will be made to *People v. Scott,* 3 N.Y.2d 148, 143 N.E.2d 901. The *Scott* case not only concerns a "traffic ticket," but the majority and minority opinions point up the conflicting views on this matter. By a vote of four to three the Court of Appeals of New York held that the "same reasons of policy" which require verification of an information when used as a basis for obtaining a warrant of arrest also require verification of an information when used only as a pleading. Our reading of the *Scott* opinion, as well as *Livingston v. Wyatt,* 186 N.Y. 383, 79 N.E. 330, convinces us that these "reasons of policy" did not originate in any constitutional provision, but in New York statutory law. The able dissenting opinion, authored by Judge Charles S. Desmond, points out the very real and substantial differences between an information which forms the basis for the issuance of an arrest warrant, and the information which "serves only the function of a pleading." The former, according to Judge Desmond, must be verified, but the latter need not. In our view the dissent in the *Scott* case is better reasoned and its logic more convincing than the majority opinion.

The foregoing background material has been set forth in some detail in order to better appreciate the exact nature of the precise problem at hand. In connection therewith we find nothing which persuades us that because of any constitutional provision an information must be verified even though it is not to be used as the basis for an arrest warrant. On the contrary, the above cited authorities generally hold that such information need *not* be verified, and any language to the contrary is in most instances only dictum.

█ Before leaving this particular aspect of the case, in order to bring the controversy into even sharper focus, it might be well to examine one statement made by counsel for the petitioner in his brief. Counsel broadly asserts that these several "constitutional mandates apply not only to warrants, but also to criminal complaints." We agree that these "constitutional mandates" do apply to criminal complaints *if such complaints are the basis for the issuance of an arrest warrant;* but we find nothing, *absolutely nothing,* in either the Fourth Amendment to the Constitution of the United States, or Article II, § 7 of the Colorado constitution which requires that an information be verified even though it is not intended to form, nor does it in fact form, the basis for the issuance of an arrest warrant. Lest the purists fear that an information charging a *felony* need not be verified, if it is not to serve as the basis for an arrest, attention is again directed to C.R.S. 1963, 39-4-2, which directs that unless a preliminary examination has been had, or waived, an information charging a felony must be verified. But as for misdemeanors, the People by "constitutional mandate" decided that they desired a "simplified" procedure and empowered the general assembly to carry out its constitutional mandate.

Counsel for Stubert then argues, however, that because of our own prior decisions the "summons and complaint" issued Stubert should have been dismissed because it was unverified. This, of course, is the first

time we have had the opportunity to consider 1965 Perm. Supp., C.R.S. 1963, 37-17-7, or Rule 106(c)(4) of the Simplified Criminal Procedure for Trial of Misdemeanors, neither of which became effective till January 12, 1965. Hence, no prior decision of this Court concerns the precise problem which now confronts us. Nevertheless let us examine in some detail our prior decisions which counsel contends *hold* that the aforementioned constitutional provisions *require* that an information charging the commission of a misdemeanor be verified, even though an arrest warrant does not issue.

Perhaps the keystone case relied on by counsel is *Lustig v. People*, 18 Colo. 217, 32 P. 275. We thus characterize the *Lustig* case because it was decided in 1893 and is cited in many of our subsequent decisions bearing on the general subject. In the *Lustig* case an unverified information charging a misdemeanor was filed in the county court and "upon this information a warrant was issued upon which plaintiffs in error were arrested and brought to court." It was in this factual setting, then, with an arrest warrant having issued upon an unverified information that we broadly declared that "[a]s the information in this case is not supported by oath or affirmation of any person, the prosecution and conviction thereunder were in violation of the seventh section of our Bill of Rights." This pronouncement must of neccessity be read in the light of its factual setting. Inasmuch as the *Lustig* case involved the situation where an arrest warrant *did in fact issue* on an unverified information, our *holding* in that case can hardly be said to cover the instant situation where the unverified summons and complaint *did not* form the basis for any warrant of arrest. Certainly our *holding* in the *Lustig* case does not support counsel's contention that the summons and complaint served on Stubert had to be verified before the county court had jurisdiction to hear the matter.

In support of his position in this regard counsel then cites *Bergdahl v. People*, 27 Colo. 302, 61 P. 228. In that case an information charging a felony *was* verified. Bergdahl attacked the *sufficiency* of the verification. Our holding in that case was that the verification was sufficient. The matter could, and should, have ended there. But we nonetheless went on to utter some dictum which was in and of itself internally repugnant, and obviously so. We said that the statutes requiring verification of an information charging a felony were intended to "comply with § 7, Article II of our Bill of Rights, which, in substance, declares that *no warrant to seize any person* shall issue unless probable cause therefore is made to appear by oath of affirmation reduced to writing." (Emphasis added.) Having the benefit of a hindsight view, the foregoing decision would be correct if, and only if, the information in the *Bergdahl* case was the basis for the issuance of an arrest warrant. From a reading of our opinion in that case it cannot be ascertained whether that was the situation, or not. But in any event, our *holding* in the *Bergdahl* case, namely, that there was a sufficient verification, is hardly authority for the proposition here advanced by counsel for petitioner.

Counsel next urges *Curl v. People*, 53 Colo. 578, 127 P. 951 in support of his position. But we fail to see how that case affords him much aid or comfort. In the *Curl* case a two count information charging the commission of two felonies was supported by one affidavit. The defendant proceeded to trial without objection and only after his conviction did he assert that the verification was insufficient, contending that a two count information had to be supported by two affidavits, not one. Our *holding* in that case was that the defendant had by his inaction waived his right to attack the sufficiency of the information. So much for the *Curl* case.

Finally, counsel urges upon us for our consideration *Solt v. People*, 130 Colo. 1, 272 P.2d 638. In the *Solt* case the defendant was convicted in the district court of

drunken driving, a misdemeanor. On writ of error *Solt* contended that the district court was without jurisdiction to try him for the reason that the arresting officer at the time of arrest had served him with a "summons" (not a *summons and complaint*) to appear before a justice of the peace, and that the "proceeding" in the justice of the peace court was still pending and undisposed of at the time of his trial in the district court. Apparently the district attorney had filed with the justice of the peace a short time before the commencement of the trial in district court a "direction to dismiss." In holding that the direction to dismiss was "unnecessary," this Court *held* that actually there was "no criminal action" pending before the justice of the peace. So, this is not the situation where an *unverified* complaint had been filed before the justice of the peace; rather this is an instance where we determined and *held* that *no complaint* had ever been filed before the justice of the peace. It was because *no complaint* was ever filed, that we *held* that a dismissal was unnecessary because there was no criminal action pending in the justice of the peace court, which could be dismissed. It was in this setting, then, that we said that "[t]he provisions of § 7, Article II of the constitution of the State of Colorado, *supra*, must be followed before a justice of the peace acquires any jurisdiction." Certainly this bit of dictum does not *compel* us to reach the conclusion here urged upon us by counsel for the petitioner.

Without lengthening this already long opinion, it is sufficient to observe that all of the various decisions relied on by counsel for the petitioner simply must be read in the light of their own peculiar factual situation, and of course none of them involves a consideration of the "summons and complaint" authorized by the Simplified Criminal Procedure for Trial of Misdemeanors as enacted by the General Assembly and implemented by us by rule. We hold that notwithstanding any language appearing in the cases relied upon by counsel which

may appear to the contrary, the "summons and complaint" provided for in the aforementioned statutes and rules need not be verified in order to institute a valid judicial proceeding under said statute or rule. In our view neither the aforementioned constitutional provisions, nor our statutes or rules, require verification of the "summons and complaint" issued Stubert.

In support of our resolution of this controversy, we suggest a perusal of *People v. Harding*, 34 Ill. 2d 475, 216 N.E.2d 147. In that case the Supreme Court of Illinois was faced with about the same situation as are we, in that language appearing in prior decisions of that court appeared to say that a sworn complaint, in the case of a misdemeanor, was from a constitutional standpoint *essential* to the prosecution of such charge, even though the information was not intended to form the basis for the issuance of an arrest warrant. Notwithstanding the fact that in one of its earlier decisions it had said that a "sworn complaint or indictment must follow before the court can take jurisdiction," the Supreme Court of Illinois in the *Harding* case nonetheless held that constitutional provisions should not be "extended" to require a sworn complaint as a jurisdictional prerequisite to the prosecution of a reckless driving charge.

It is quite true that in the *Harding* case the Supreme Court of Illinois ultimately decided that because of *statute* a complaint charging one with reckless driving had to be verified. As above indicated, we are not now faced with any such statute. And the important thing for us, insofar as the *Harding* case is concerned, is that it was there determined that nothing in the United States Constitution or in the Constitution of Illinois *required* that the "Uniform Traffic Ticket and Complaint" be verified.

In the *Harding* case, the Supreme Court of Illinois speaking through Mr. Justice Walter V. Schaefer, declared as follows:

"It is the defendant's contention that the 4th Amend-

ment to the constitution of the United States and section 6 of Article II of the constitution of Illinois, S.H.A. both require that in all cases a complaint which charges criminal conduct must be verified. As it bears upon this point the language of the federal and state constitutions is identical. The 4th amendment provides: 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the person or things to be seized.'

*"So far as they are pertinent to this case, the terms of the constitutional provisions apply only to the issuance of a warrant authorizing a seizure of the person — an arrest. While they require a sworn complaint as a prerequisite to the issuance of an arrest warrant, they do not purport to lay down any jurisdictional prerequisites governing the institution of a criminal prosecution.*

\*   \*   \*   \*

"Those decisions, however, like all others, must be read in the light of the factual situation before the court. In each of them the court was called to determine the validity of an arrest warrant issued without a sworn complaint, when tested against the constitutional requirement. None of them involved the validity of a complaint which followed an arrest without a warrant, as did the complaint in this case. The constitutional provisions do not purport to govern such a situation, and the considerations that dictate safeguards against the promiscuous use of arrest warrants do not extend to the form and content of the document by which the prosecution of a criminal offense is initiated.

"We hold, therefore, that the constitutional provisions upon which the defendant relies should not be extended to require a sworn complaint as a jurisdictional prerequisite to the prosecution of a criminal offense. To the extent that the language in *Meyering, Clark* and

*Shocking,* and in other decisions, might be thought to have asserted such a constitutional requirement, that language is not adhered to." (Emphasis added.)

We approve and adopt as our own the reasoning enunciated in the *Harding* case, and like the Supreme Court of Illinois, to the extent that the language appearing in our earlier decisions might be thought to have asserted a constitutional requirement that a sworn complaint is a jurisdictional prerequisite to prosecution of a misdemeanor charge, "that language is not adhered to."

The Rule is discharged.

MR. JUSTICE DAY and MR. JUSTICE PRINGLE dissent.

MR. JUSTICE PRINGLE dissenting:

I respectfully dissent.

In my view, the Court has today struck down what it had thought for many years to be a procedural requirement of Article II, Section 7 of the Colorado constitution, and what the United States Supreme Court had thought to be a requirement of the Fourth Amendment to the Constitution of the United States. I cannot subscribe to this emasculation of the Fourth Amendment and Article II, Section 7 in the name of simplified procedure, nor do I agree with the majority that the Legislature was empowered to do so. Neither the Colorado Supreme Court nor the United States Supreme Court has ever interpreted the provisions of the Bill of Rights involved here as narrowly as does the majority today.

In my view, procedural due process granted by the constitution is basic to the concept of ordered liberty. A provision which our own Court has long declared to be such a procedural constitutional safeguard should not now be lightly tossed aside on the basis of a dissenting opinion in New York and what amounts to pure dictum in Illinois.

It may be that the pronouncements of our Court and

those of the United States Supreme Court regarding the the issue here were dicta, although I doubt it; but these constitutional interpretations were stated in such positive, direct and unequivocal fashion that there is no mistaking their meaning.

In *Lustig v. People*, 18 Colo. 217, 218, 32 P. 275, in a portion of the opinion not quoted by the majority, Chief Justice Hayt, speaking for a unamimous Court, said:
"* * * The language of this section is too plain to admit of misconstruction. *An information can serve no practical purpose in the administration of the criminal law, unless a legal warrant can be issued thereon. And to justify a warrant there must be a charge under oath, reduced to writing.* The public prosecutor is no longer authorized to institute a criminal prosecution against any person by reason of his official signature merely. To allow him to do so would be contrary to the express provisions of the Bill of Rights quoted. * * *" (Emphasis added).

And in *Bergdahl v. People*, 27 Colo. 302, 61 P. 228, Mr. Justice Gabbert, again speaking for a unanimous Court, points out that the verification provisions contained in the statute are intended to and do carry out the requirements of Section 7, Article II of the Bill of Rights. In *United States v. Morgan*, 222 U.S. 274, 282, 32 S. Ct. 81, 82, 56 L.Ed. 198, 200, Mr. Justice Lamar, also speaking for a unanimous Court, makes the following statement:
"* * * A further answer is, that as to this and *every other offense* the Fourth Amendment furnishes the citizen the nearest practicable safeguard against malicious accusations. He cannot be tried on an Information unless it is supported by the oath of some one having knowledge of facts showing the existence of probable cause. * * * (Emphasis added).

Not one word is spoken about a warrant of arrest. The interdiction here is clear and absolute. *He* [the defendant] *cannot be tried,* the United States Supreme

Court says, on an information unless it is supported by an oath.

The New York Court of Appeals in the majority opinion in *People v. Scott*, 3 N.Y.2d 148, 143 N.E.2d 901, 164 N.Y.S.2d 707, dealt with the so-called uniform traffic summons and complaint which is in issue here. That opinion, which the majority here discards in favor of the dissenting opinion, puts the problem in proper perspective by pointing out that the requirement for verification is an essential guarantee of a fundamental right: that [the accused] be not punished for a crime without a formal and sufficient accusation. In short, in my view, what the New York Court, the Colorado Supreme Court, and the United States Supreme Court have said is that the Fourth Amendment requires that no citizen should be made to answer to a criminal charge unless the charge be made upon the oath of a competent person.

It will not do to say that we need not be alarmed since the statutes of this state still require that a felony complaint or a complaint by a private citizen be verified. If the Legislature may remove the requirement for a misdemeanor it may do so for a felony. If it may remove the requirement for complaints filed by peace officers, it may do so for complaints filed by private citizens. Moreover, the practice is dangerous, even for misdemeanors. There are countless misdemeanors which the average citizen may commit, often inadvertently, in his daily life. To permit him to be held to answer for charges arising out of such circumstances upon the complaint of *anyone* unsupported by oath removes from him the protection of the Fourth Amendment about which the United States Supreme Court was concerned in *Morgan, supra.*

It is said, however, that the people of this state authorized the procedure in question by the constitutional amendment which gave the Legislature the power to adopt "simplified procedures" in the county court. I do not subscribe to the belief that the people intended to

give the Legislature the power to abrogate the Bill of Rights in the name of "simplified procedure."

In *Weeks v. United States*, 216 F. 292 (2d Cir.), a lower federal court case which is relied on heavily by the majority opinion, and with which I do not agree, the Court says that it finds no violation of the Fourth Amendment where no warrant of arrest issues and where the defendant appears *voluntarily* to plead to the information. In my view, the appearance under the summons and complaint procedure is far from voluntary.

Under the imprimatur of the state acting through its police officers, the accused is directed to appear or suffer the consequences. It is, in fact, a misdemeanor to fail to appear in response to such a summons. C.R.S. 1963, 13-5-145. I hardly deem an appearance in response to such a summons to be a voluntary one. All the constraints imposed by a warrant of arrest except the physical jailing of the accused are present in the summons which is served.

Lest it be said that requiring verification upon the complaint filed in the county court after summons is served would make law inforcement impossible, let me point out that all that is required is that the officer swear to the charge on his oath at the time he files the complaint in court. Is it so outrageous to insist that a police officer, as well as any other citizen, shall be made aware of the serious implications of charging a citizen with a crime that we must now disregard what has been repeatedly stated both by this Court and by the United States Supreme Court? For me, the slight inconvenience involved does not present such an overwhelming and compelling reason as to require us to overrule the precedents laid down in unanimous decisions by my distinguished predecessors on this Court.

I would make the rule absolute.

I am authorized to say that MR. JUSTICE DAY concurs with me in this dissent.