Mr. Justice Hall
delivered the opinion of the Court.
Here we refer to the plaintiff in error as defendant.
On January 19, 1962, the defendant and one Geenter were charged with having broken into the premises occupied by the Rocky Mountain Aluminum Co., with the intent to commit larceny.
*253 The defendant, through court-appointed counsel, entered a plea of not guilty to the charge.
Trial was to a jury which returned its verdict finding the defendant guilty.
Defendant’s counsel filed a motion for a new trial and urged as reasons for granting the same that:
(1) The people offered no evidence to prove that Loren R. Downing, the person who swore to the information, was a competent witness as required by Colorado Rules of Criminal Procedure, Rule 7(b) (3), which provides: “The court shall authorize a direct information only if the prosecutor has the names of witnesses for the prosecution and the affidavit of some credible person competent to testify in the case stating the affiant’s personal knowledge that the offense was committed and the name of each person to be charged. * * * .”
(2) Error in receiving in evidence articles illegally seized.
(3) Error in permitting two deputy sheriffs to refresh their memories from notes made while interviewing the defendant.
(4) Error in permitting a witness for the People to testify after an order had been entered directing that witnesses be sequestered, said witness having violated the order by discussing his testimony with other witnesses.
(5) Error in not permitting the defendant to see the foregoing notes prior to the time of trial.
(6) Error in admitting in evidence Exhibits A, B and C, being a camera, camera case and snapshot taken from camera, all alleged to have been stolen by defendant from the premises burglarized.
This motion was denied and defendant sentenced to serve a term of not less than three years nor more than ten years in the penitentiary.
On September 4, 1962, an order was entered by the trial court granting defendant’s request for a free record to be used in obtaining review of his conviction.
*254 The defendant is here by writ of error, appearing pro se, demanding that the judgment be reversed and that he be discharged.
The defendant is the same Rex Hubbard who appeared as plaintiff in error in Hubbard v. People, No. 20557, announced July 8, 1963, 152 Colo. 529, 383 P. (2d) 317. The burglary in No. 20557 and the burglary in this case were committed during the night of September 26, 1961, by defendant and his codefendant, one Geenter. Geenter entered a plea of guilty in No. 20557 and confessed to being a party with defendant in burglarizing the premises herein involved.
In No. 20557, the defendant urged as reasons for reversal twelve procedural points. Here, as set forth above, he urges only six reasons for reversal. Five of the six here urged were advanced in No. 20577 and by this court found to be without merit. We reaffirm our conclusion in No. 20557, that they are without merit.
The first point set forth in defendant’s motion for a new trial was not presented in No. 20557. The information was sworn to by one Loren R. Downing; the defendant contends that Downing not having been called as a witness, it has not been made to appear that Downing was a “ * * * credible person competent to testify in the case * * * ,” therefore the court was without jurisdiction to authorize the filing of an information, in fact was prohibited by Colorado Rules of Criminal Procedure, Rule 7(b) (3) (iii), from authorizing the filing of the information.
Walt v. People, 46 Colo. 136, 104 Pac. 89, supplies a complete answer to defendant’s contention. There, this court had for consideration the requirements of § 1432, Mills’ Ann. Stats, (now C.R.S. ’53, 39-4-2), which provide that: “ * * * there shall be filed with the information the affidavit of some credible person verifying the information upon the personal knowledge of affiant that the offense was committed.”
There we said: “ * * * It is unnecessary for the affi *255 davit to recite that affiant is ‘a competent witness to testify in the case.’ His competency will be presumed until the contrary appears. * * * .”
Considering the requirements of Rule 7, that the affiant must be “some credible person competent to testify in the case,” and following the language in Walt v. People, supra, we expand the same and hold that not only his competence as a witness but also his credibility is presumed until the contrary appears.
The record discloses that the defendant was charged, tried and convicted in conformity with the requirements of law.
The judgment is affirmed.