Rex **HUBBARD**, Appellant,

v.

**Harry C. TINSLEY**, Warden, Colorado State Penitentiary, Appellee.

No. 7729.

United States Court of Appeals
Tenth Circuit.

Oct. 5, 1964.

Richard B. Gavend, Denver, Colo., for appellant.

John P. Moore, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., on the brief), for appellee.

Before PHILLIPS and LEWIS, Circuit Judges, and CHRISTENSEN, District Judge.

LEWIS, Circuit Judge.

Appellant was convicted in a Colorado state court, El Paso County, of burglary and was sentenced to a term of six-and-one-half to eight years imprisonment. He is presently incarcerated in the Colorado State Penitentiary. The judgment of conviction was affirmed upon di-

rect appeal by the Supreme Court of Colorado, Hubbard v. People, 152 Colo. ——, 383 P.2d 317. Appellant then petitioned the United States District Court for the District of Colorado for a writ of habeas corpus, alleging that his conviction was fatally defective because it was based upon evidence obtained by an illegal search and seizure. The District Court reviewed the transcript of the entire state court proceeding but an evidentiary hearing was neither held nor requested. This appeal follows denial of relief by the District Court.

The state trial court first considered the legality of the search and seizure at a pre-trial hearing upon appellant's motion to suppress the evidence as illegally obtained. The undisputed facts as they appeared at that hearing may be summarized as follows: Appellant, a twenty-year-old youth, was arrested on September 28, 1961, in connection with the murder of a Roman Catholic Priest and was incarcerated in the El Paso County jail. Among the personal effects taken from him at that time was a key recognized by officers to be a bus depot locker key. In reply to questions, appellant indicated that the key was to a locker in a specific bus depot but as to the contents of the locker stated: "You have got the key; go see for yourselves." Thereupon, without a search warrant, sheriff's deputies went to the locker and obtained its contents;[1] the items removed were subsequently used as evidence against appellant in the trial which resulted in his conviction.

In denying appellant's motion to suppress the allegedly illegally seized evidence, the state trial court made no specific finding of consent to the search but merely stated "that the evidence at this hearing is insufficient to sustain the motion—and the motion to suppress will be denied." The opinion of the Colorado Supreme Court does not specifically consider the legality of the search but holds the record to be free of procedural error and states that appellant " * * * directed the officers to a locker in a bus station where he had placed the loot and where the loot was found, and having been identified as being of the kind and description taken from the Charcoal Burger Cafe at the time of the break in, was admitted in evidence." 383 P.2d 317, 318.

The United States District Court premised its denial of appellant's petition for a writ of habeas corpus upon the ground that appellant had been granted a full and fair hearing upon the issue of search and seizure in the state court and that a proper determination had been there made that appellant had given consent to the search. We believe the premise to be faulty. The state court record contains no specific finding of consent nor can an implied finding be reconstructed from the state court proceedings. Rather, the state trial court's statement that the "evidence" was insufficient to support the motion to suppress indicates the likelihood that "the state trial judge has made serious procedural errors (respecting the claim pressed in federal habeas) in such things as the burden of proof * * *." Townsend v. Sain, 372 U.S. 293, 316, 83 S.Ct. 745, 759, 9 L.Ed.2d 770. The burden of proof to establish a waiver by consent to a search which would otherwise be unreasonable when made without a warrant rests with the state as well as the federal government; and while the high standards of proof required in federal prosecutions and imposed as supervisory powers, especially onerous where the issue is consent while in custody, Villano v. United States, 10 Cir., 310 F.2d 680; Wion v. United States, 10 Cir., 325 F.2d 420, do not govern state hearings, still the fundamental criteria of the Fourth Amendment must reflect in all state procedures. Ker v. California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726. When such criteria do not clearly reflect in the state trial proceedings, and here they do not,

---

1. The locker had been plugged by an agent for the bus depot because of overdue rental charges; the officers paid the charges and the plug was removed.

the state evidentiary hearing is deprived of its adequacy as a final means of determining constitutional rights. Townsend v. Sain, supra.

The case is remanded to the trial court with directions to hold an evidentiary hearing.