Rex **HUBBARD**, Appellant,

v.

Harry C. **TINSLEY**, Warden, Colorado State Penitentiary, Appellee.

No. 8165.

United States Court of Appeals
Tenth Circuit.

Aug. 16, 1965.

Richard B. Gavend, Denver, Colo., for appellant.

John P. Moore, Asst. Atty. Gen. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., on the brief), for appellee.

Before PHILLIPS, LEWIS and BREITENSTEIN, Circuit Judges.

LEWIS, Circuit Judge.

This appeal is taken from an order of the District Court for the District of Colorado denying relief upon appellant's petition for a writ of habeas corpus after a full evidentiary hearing. Such hearing was held pursuant to the directions of this Court indicated in an earlier consideration of appellant's contentions, Hubbard v. Tinsley, 10 Cir., 336 F.2d 854, and extensively probed the factual question of whether appellant had voluntarily consented to a search by state officers which had resulted in the seizure of evidence used against him in his state trial. The trial court has now specifically found that appellant intended to, and did, freely consent to the subject search.

Appellant and two state officers each testified as to the circumstances and background leading to appellant's alleged consent to the search. In brief summary, appellant, while lawfully under arrest, was found to have in his possession a key to a locker located in a bus depot. Upon being questioned as to the contents of the locker appellant stated: "You have got the key; go see for yourselves." This the officers did and seized the evidence which subsequently was used against appellant at his trial.

■■ Although consent to a search made by one in custody may be suspect, particular words of consent must "always be weighed in light of the atmosphere and totality of circumstances in which they are spoken in order to determine the intent and voluntariness of the words." Weed v. United States, 10 Cir., 340 F.2d 827, 829. The trial court found from substantial evidence that appellant made the quoted statement after being fully advised of his constitutional rights and that he was knowledgeable in investigative and legal proceedings. The record also shows that appellant was calm and cooperative and that the statement was unsolicited and untainted by promise or threat. We conclude that the totality of circumstances is such as to support the trial court's finding.

Other contentions asserted by appellant were not raised in the court below and are not properly before us.

Affirmed.