**Lucious UPSHAW, Appellant,**

v.

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 8320.**

United States Court of Appeals
Tenth Circuit.

Jan. 25, 1966.

Kent F. Frates, Oklahoma City, Okl., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

PER CURIAM.

Appellant, presently confined to the New Mexico State Penitentiary, appeals from a denial of his petition for a writ of habeas corpus. He raises two points: (1) That his waiver of counsel in the state district court was coerced; and (2) that he did not intelligently and understandingly waive the assistance of counsel.

■ The first point was not raised in the petition filed below nor presented in any other fashion to the trial court. It is raised here for the first time on appeal. Of course, we cannot properly consider the point here [1] but at the same time we find nothing in the record to substantiate such a claim.

The pertinent facts may be briefly stated. On July 18, 1962, Upshaw was charged by information in the District Court of Grant County, New Mexico, with the crime of forgery. On July 23 he appeared before the district judge for arraignment and at the outset was carefully and adequately advised by the judge of his right to counsel and of the court's willingness to appoint counsel for him. At that time he was not required to enter any kind of a plea. He did however request that counsel be appointed for him. The trial judge deferred making the appointment until such time as he had an opportunity to consider the list of available attorneys and Upshaw was taken from the courtroom by the sheriff. Immediately after leaving the courtroom, Upshaw told the sheriff that he did not want an attorney appointed for him and was then taken back into the courtroom and the judge was advised by Upshaw of his change in desire and he stated to the court "Well I decided I don't think it would be any use because I am guilty." The able state trial judge, who is now one of the distinguished Federal District Judges in New Mexico, then proceeded to carefully, cautiously and thoroughly explain to the accused his right to a jury trial, the seriousness of the offense charged and the possible sentencing consequences. The judge also carefully by appropriate questions ascertained that the plea of guilty was not the result of coercion or promises of any kind and then took the plea of guilty and pronounced sentence.

After reading the transcript of these proceedings, we are compelled to comment that we have never seen a more comprehensive and thorough explanation by a judge to an accused of his rights or a better exploration of the facts of a case surrounding the entering of a plea of guilty. The requirements for an intelligent and understanding waiver of counsel, as recently set forth in Shawan v. Cox, 10 Cir., 350 F.2d 909, were clearly met.

1. Trujillo v. Tinsley, 10 Cir., 333 F.2d 185.

From this record we easily conclude that Upshaw intelligently and understandingly waived his right to counsel and voluntarily, with full knowledge of the possible consequences, entered his plea of guilty.

Affirmed.