**George A. HAIER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 8070.**

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1966.

Rehearing Denied March 31, 1966.

Arthur L. Fine, Commerce City, Colo., for appellant.

Benjamin Franklin, Topeka, Kan. (Newell A. George, U. S. Atty., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

MURRAH, Chief Judge.

This is petitioner's third § 2255 motion to invalidate a sentence imposed in 1946 for violation of the postal laws. The first motion in 1951 resulted in a denial of relief after a full hearing from which no appeal was taken. The second motion was denied after full hearing limited to asserted new grounds that his signed confession was coerced and that his constitutional rights were violated by not having been advised of his right to a preliminary hearing as provided by Rule 5(a). On appeal we reversed and remanded for rehearing holding that neither the mere lapse of time nor the failure to show that a retrial would result in a different judgment would justify the denial of relief on the asserted grounds. See 10 Cir., 334 F.2d 441.

On remand both the petitioner and the government were afforded an opportunity to offer further evidence on the issues involved. None was offered, and the trial court specifically found that petitioner's written confession, without counsel, prior to his plea of guilty before the Commissioner, also without counsel, was freely and voluntarily made after having been advised of all of his constitutional rights; and moreover, the confession was never used against him at any stage of the proceedings; that thereafter petitioner appeared for arraignment represented by retained counsel and entered his plea to the charges against him. From this the trial court concluded that petitioner had not sustained his burden of proving that his extrajudicial confession and plea before the Commissioner nullified his subsequent voluntary plea of guilty to the formal charges on advice of counsel.

■ Consistently with Escobedo, [Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977], we have recognized that extrajudicial confessions and appearances before Commissioners and magistrates are critical stages in the proceedings against an ac-cused during which he is plainly entitled to the assistance of counsel, and that absence of counsel at these critical stages raises a rebuttable presumption of denial of that constitutional right. See Shultz v. United States, 10 Cir., 351 F. 2d 287; Pearce v. Cox, 10 Cir., 354 F.2d 884. We have also made it equally clear that evidence of an intentional waiver of the right to counsel must be sufficient to overcome the presumption. See Shultz v. United States, supra; Sandoval v. Tinsley, 10 Cir., 338 F.2d 48; Hubbard v. Tinsley, 10 Cir., 336 F.2d 854. And, in a veritable stream of recent decisions we have said in effect that the presumption against waiver is overcome by a voluntary plea of guilty with the advice of counsel upon formal arraignment in the absence of some proof of prejudice. But, in the matter of prejudice, either actual or inherent, we have been careful to examine each case to determine whether preliminary statements and pleas made without counsel induced or in any influenced the subsequent plea of guilty entered on formal arraignment with the advice of counsel, i. e. see Latham v. Crouse, 10 Cir., 320 F.2d 120, cert. den. 375 U.S. 959, 84 S.Ct. 449, 11 L.Ed.2d 317; Pearce v. Cox, supra, and related cases; Upshaw v. Cox, 10 Cir., 356 F.2d 419; Knight v. Cox, January 1966 Term; Carroll v. Cox, January 1966 Term; Lattin v. Cox, 355 F.2d 397; Harvey v. Cox, January 1966 Term; Sisk v. Cox, January 1966 Term.

■ The record here shows that the plea of guilty to the formal charges was entered after consultation with retained counsel, and there is nothing to show that the plea was induced or in any way influenced by any previous pleas or statements made by petitioner. On the contrary the evidence clearly shows that the plea on the arraignment was entirely independent and uninfluenced by any prior proceedings, and see Lovato v. Cox, 10 Cir., 344 F.2d 916; Sandoval v. Tinsley, supra; and see also Wallace v. Heinze, 9 Cir., 351 F.2d 39.

Our case is wholly unlike White v. State of Maryland, 373 U.S. 59, 83 S.Ct.

1050, 10 L.Ed.2d 193, and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114, where prejudice was presumed from the very fact that the pleas of guilty before the magistrate were put into evidence on the trial of the case.

The judgment is affirmed.