Rex L. **LEIGHTON**, Appellant,

v.

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 8640.**

United States Court of Appeals
Tenth Circuit.

Aug. 12, 1966.

W. F. Robinson, III, Denver, Colo., for appellant.

L. D. Harris, Albuquerque, N. M., (Boston E. Witt, Santa Fe, N. M., with him on brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and HICKEY, Circuit Judges.

MURRAH, Chief Judge.

Having exhausted his remedies in the courts of New Mexico, petitioner applied to the federal district court for a writ of habeas corpus alleging that the New Mexico state conviction and sentence he is now serving is a constitutional nullity because (1) he was not represented by counsel at his preliminary hearing in the state proceedings against him, (2) he had not been properly advised of his right to remain silent and to the assistance of counsel before making the confession used against him, and (3) such confession was coerced because of prolonged examination by state police officers.

After a full evidentiary hearing during which appellant was represented by counsel, the trial court found that while the petitioner did not have counsel at his preliminary hearing, he was in no way prejudiced because he entered a plea of not guilty before the state district court while represented by counsel, and nothing transpiring at the preliminary hearing was used against him. And see Haier v. United States, 10 Cir., 357 F.2d 336. The court further found that although petitioner was interrogated intermittently while in custody, he had been arrested for an offense other than the one for which he was ultimately tried and convicted and much of the interrogation concerned other offenses; that petitioner was fully advised by the questioning officers of his right to remain silent and to have the assistance of counsel. From this the court concluded that the confession was knowingly and voluntarily made and, moreover, no objection was made to its use on trial of the case.

Following Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, we have said that while an accused may voluntarily, intelligently and knowingly waive his privilege against

self-incrimination and right to counsel either at the pre-trial or trial stage of the proceedings against him, the absence of counsel at these stages raises a rebuttable presumption against the voluntariness of statements made pursuant to in-custody interrogation during these critical stages. In these circumstances the burden is on the state to show that the accused intelligently waived his constitutional rights. See Haier v. United States, supra, and cases cited.

Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, decided since this case was decided in the trial court and briefed here, has reaffirmed and illuminated Escobedo. It specifies the necessary procedures for effectuation of the Fifth Amendment privilege against self-incrimination and the Sixth Amendment right to the assistance of counsel in the exercise of that privilege. But, we need not delineate here the full sweep of the prerequisites to admissibility of in-custody statements laid down in Miranda, for they are made expressly inapplicable to this 1950 conviction by Johnson v. State of New Jersey, 384 U.S. 757, 86 S.Ct. 1772, 16 L.Ed. 2d 882.

■ We judge the admissibility of this confession in the context of its voluntariness as delineated by pre-Escobedo-Miranda decisional law according to which voluntariness is made to depend upon the observance of Fourteenth Amendment due process, i. e. see Johnson v. State of New Jersey, supra, 86 S.Ct. 1780. Long before this confession was given, Fourteenth Amendment due process plainly forbade the use of all confessions or incriminating statements which are in any way coerced and are not the own free will of the confessor. See Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716; Lisenba v. People of State of California, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166; Rogers v. Richmond, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760; Haynes v. State of Washington, 373 U.S. 503, 83 S.Ct. 1336, 10 L.Ed.2d 513. This is be-

cause of the "strongly felt attitude of our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will." See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L. Ed.2d 908, quoting and citing Blackburn v. State of Alabama, 361 U.S. 199, 206–207, 80 S.Ct. 274, 4 L.Ed.2d 242. Here then, voluntariness is the key to admissibility, determinable by resort to the rules of fair play which we call due process of law. This means, of course, that an accused claiming a denial of due process by reason of the admission of a coerced confession is entitled to a full and fair hearing on the issue of voluntariness. Jackson v. Denno, supra.

■ Failure to inform the accused of of his right to remain silent and to the assistance of counsel and to warn him that any statement he makes will be used against him are relevant factors in determining the ultimate issue of voluntariness, but they are not prerequisites. They are to be considered along with other relevant matters such as the age, education, experience, general background of the accused, and finally, whether the interrogation resulting in the confession was entirely free of physical or psychological coercion.

■ The evidence supports the court's findings that the petitioner was advised by the police officers of his right to remain silent; that he did not have to make a statement; and that he had a right to the assistance of counsel. Indeed, the confession itself contained a formal statement at the beginning that the accused did not have to make any statement whatsoever; that any statement he made would be used against him; that he had been advised he was entitled to consult an attorney and no force or threats had been utilized in obtaining the statement; and that there had been no promises of reward or clemency as a condition to making the statement. The evidence indicated that after he had orally confessed to the offense charged, the statement had

been presented to and read by the accused before he signed it. We agree with the trial court that the confession was knowingly and voluntarily made.

The judgment is affirmed.