**Rex HUBBARD, Appellant,**

v.

**Wayne K. PATTERSON, Warden, Colorado State Penitentiary, Appellee.**

**No. 9121.**

United States Court of Appeals
Tenth Circuit.

March 16, 1967.

Roland E. Gebert, Denver, Colo., for appellant.

James F. Pamp, Asst. Atty. Gen., Denver, Colo. (Duke W. Dunbar, Atty. Gen., and Frank E. Hickey, Deputy Atty. Gen., Denver, Colo., with him on brief), for appellee.

Before LEWIS, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

Appellant appeals from an order dismissing his petition for a writ of habeas corpus.

The petition to the trial court was based upon language contained in an opinion of this court [1] which affirmed the findings of an earlier evidentiary hearing granted appellant by this court,[2] and an opinion of the United States Supreme Court.[3] The language, "totality of circumstances," impressed appellant to the degree that he filed this action below asserting that when this court determined that an alleged tainted search had been conducted with appellant's consent, it had not considered that appellant's request to speak to his father after his arrest had been denied, and that he was not taken before a Justice of the Peace as required by Colorado Statute.[4]

1. The decision contained the language, "We conclude that the totality of circumstances is such as to support the trial court's finding." Hubbard v. Tinsley, 350 F.2d 397, 398 (10 Cir. 1965). This conclusion was based upon a record that disclosed, "Appellant and two state officers each testified as to the circumstances and background leading to appellant's 'alleged consent to the search."

2. Hubbard v. Tinsley, 336 F.2d 854 (10 Cir. 1964).

3. "There is no guide to the decision of cases such as this, except the totality of circumstances * * *." Gallegos v. State of Colorado, 370 U.S. 49, 55, 82 S.Ct. 1209, 1213, 8 L.Ed.2d 325 (1962).

4. Colo.R.Crim.P. 5 provides: (a) (1) "Any officer making an arrest under a warrant issued upon a complaint shall take the arrested person without unnecessary delay before the nearest available justice of the peace * * *. (2) Any person making an arrest without a war-

The denial of the request to call his father, he alleges, is a violation of § 39-1-1, 3 C.R.S. 1963.[5]

It is alleged that these circumstances together with others heretofore reviewed by the Colorado Supreme Court on two occasions,[6] and this court on two occasions,[7] constitute a "totality of circumstances," which voids the consent given as not being voluntary.

The trial court in its order denying the petition again examined the basic question of consent together with the two circumstances now claimed to make up the totality.

We do not find the trial court's statement of the law in error nor does appellant contend there was error in the law expressed. Therefore, we again look at the totality of the circumstances including all four proceedings heretofore reported.

The alleged tainted search resulted in the seizure of evidence contained in a locker provided in bus depots for the temporary deposit of travelers' baggage. The specific locker here involved had been plugged by a bus depot employee for overdue rental.[8] Therefore, the contents of the locker may have been abandoned.

The relationship between the locker owner and the appellant is of little significance, however, because, in order to gain access to the seized evidence, the consent of the locker owner to remove the plug had to be obtained, not the consent of the appellant.

 Furthermore, the identification, during the process of booking of defendant, of a baggage locker key as part of personal property, with the added statement, "go see for yourself," cannot be challenged as not voluntary merely be-

cause the appellant's father was not called before appellant was booked; nor can the failure to take appellant before a Justice of the Peace before he was booked affect the voluntariness of the identification of his personal belongings.

We conclude that the totality of circumstances supports the trial court's finding.

Affirmed.

---

rant shall take the arrested person within a reasonable time before the nearest available justice of the peace. * * *"

5. 3 C.R.S.1963, § 39-1-1 provides: "(1) All * * * officers or persons, having in custody any person committed, imprisoned, or otherwise restrained of his liberty * * * shall admit forthwith any practicing attorney at law in this state whom such person restrained of his liberty

may desire to see or consult, * * * alone and in private, at the jail or other place of custody."

6. Hubbard v. People, 152 Colo. 529, 383 P.2d 317 (1963); Hubbard v. People, 153 Colo. 252, 385 P.2d 419 (1963).

7. Supra, notes 1 and 2.

8. Supra, note 2, at 855 n. 1.