446 P.2d 639

STATE of New Mexico, Plaintiff-Appellee,

v.

Robert SANDERS, Jr., Defendant-Appellant.

No. 8451.

Supreme Court of New Mexico.

Nov. 4, 1968.

R. E. Richards, Hobbs, for defendant-appellant.

Boston E. Witt, Atty. Gen., James V. Noble, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

CHAVEZ, Chief Justice.

Defendant Robert Sanders, Jr. appeals from an order denying his motions for post conviction relief filed pursuant to Rule 93 (§ 21–1–1(93), N.M.S.A., 1953 Comp., 1967 Pocket Supp.). Defendant moved to set aside his convictions for robbery while unarmed, kidnapping and unlawfully and carnally knowing and abusing a female minor under the age of ten years. Defendant's three motions were consolidated for hearing and the trial court denied said motions, from which defendant appeals.

Appellant, under his points I and II, raises the issue that the sentences under which he is incarcerated were illegal and void, because his pleas of guilty were induced by an unlawful search and seizure of evidence which was utilized to induce a so-called confession; that the unlawful search and seizure tainted everything that occurred thereafter, particularly the entering of pleas of guilty; that appellant was not represented by counsel at the preliminary hearing, nor was such lack of representation competently and voluntarily waived; that the confession obtained was the result of prolonged questioning and was not voluntary for the further reason that, under the circumstances, it was not competently and intelligently made; and that appellant was denied effective assistance of counsel in the original proceedings against him in 1962.

Insofar as pertinent to the issues here presented, the record discloses, after appellant was arrested on a petty misdemeanor charge, that his car was searched and a lady's purse found therein. Thereafter, and after being administered a polygraph test and being confronted with other evidence, he confessed the kidnapping and rape for which he was convicted, in addition to the unarmed robbery. The kidnapping and rape charges were in no way connected with the arrest which first placed him in custody, nor with the purse which belonged to a person not connected with the kidnapping and rape. The unarmed robbery charge did arise out of the discovery of the purse after search of the automobile.

Mr. Dewie B. Leach, the attorney appointed by the court to represent appellant, testified that sometime between February 6 and 20, 1962, at the arraignments, he was

provided with copies of the transcript of the preliminary hearing and read them; that he advised appellant of the charges against him and the penalties, that he had the right to a jury trial, that he would have counsel, and that he did not have to enter a plea of guilty and could enter a plea of not guilty; and that he inquired in regard to the search of appellant's car, as the transcript showed that a purse had been obtained from appellant's automobile. Appellant then told Leach that they did get a purse and that it belonged to Mrs. Hedrick. Leach also conferred as to the circumstances under which he gave the confession, which was read into evidence in the kidnap and unlawful carnal knowledge cases. Leach testified that he asked appellant if the statement was given voluntarily and that he said—"Yes, I wanted to talk to somebody about it," or something of that nature. "I wanted to get it off of my chest and I gave them a statement of everything that I was involved in."

On cross-examination, Leach also testified that after appellant stated he would like to talk to his folks before he was sentenced, under those conditions, a plea of guilty to one count was entered and a plea of not guilty entered as to the other two charges. Mr. Leach was asked whether, in his mind, appellant understood what he was doing and understood what advice Leach had given, and answered:

"A.    I think the defendant was of an intelligent state sufficient to understand the entire conversation. It is in my mind, I remember, that he told me he had finished high school; that he had been in the service in some character, marines or something. And, during the conversation with him, I did not detect any apprehension on his part or any hesitancy as not understanding or comprehending. And, I felt he knew what was going on completely.

"Q.    If you had had any doubt in your mind as to whether or not Mr. San-

ders did not comprehend what was taking place would you have allowed him to plead guilty?

"A.    No, sir. I think I would have told the Court that in my opinion this man is not in a position to enter a competent plea."

Leach also testified that in the first conversation, appellant told him:

"A.    * * * 'This has been bothering me all along, all the time,' something of that nature. 'All I want to do is to get it off of my mind. I'm guilty; I want to plead guilty, so I can get to serving my time, my good time, and maybe I can get out and make something out of myself.' It was something of that nature."

Leach also stated that he would not say that appellant did not give him an opportunity to discuss the facts or defenses, and that:

"A.    * * * He was just persistent in his desire for me to enter a plea of guilty for him period."

Boyd Eason, a detective on the Hobbs police force, testified that about 2:00 or 3:00 a. m. on January 21, 1962, he was called to investigate appellant concerning a robbery and was told that a purse had been found in the trunk of appellant's car; that he advised appellant at the beginning of the interrogation of his right to an attorney, and that the court would appoint an attorney to represent him if he was unable to do so; that he questioned and dealt with appellant over a period of days from the time he was first called; that when he proposed to take appellant to Lubbock for the lie detector test, he asked appellant if he would go in regard to the Hedrick case; that he and Bill Wood took appellant to Lubbock and he and Wood listened to part of the interrogation; that he was shown defendant's exhibit 4, recognized the general form and his own typing as one of the police records with reference to the Pendergast case, and that the statement read:

" 'We finally ended up with a confession from Robert Sanders, Jr., a negro male,

who lives at 1010 East Midwest, to the charges of kidnapping a female under,' that is a mis-print. Don't know what that could mean. 'Under 12', I imagine. 'Under 12 years of age, also carnal knowledge of a female child under the age of 10.' "

Defendant's exhibit 4 was introduced without objection and admitted. Eason further testified that the polygraph examination substantially contributed to the investigation of the Hedrick case; that it was their policy to run a polygraph test; and that they had no evidence other than the purse and the statement connecting appellant to the crime at the time he began his investigation.

■ Appellant under his first point attacks the trial court's findings of fact Nos. 5, 6, 10, 17 and 24. No basis is stated for the attack on these findings. However, upon a review of the record, we are of the opinion that, under the circumstances and the evidence, the findings of the trial court are supported by substantial evidence and that appellant's pleas of guilty were freely, intelligently, understandingly and voluntarily made, as found by the trial court. Appellant was advised by competent counsel prior to entering his plea and insisted on doing so.

We are also convinced that the evidence amply supports the trial court's conclusion of law, that the confessions given by appellant were free and voluntary and that the statement and confessions were competently and intelligently given and were properly admitted in evidence. See State v. Young, 51 N.M. 77, 178 P.2d 592 (1947); Leighton v. Cox, 365 F.2d 122 (10th Cir. 1966).

Appellant also complains of the trial court's refusal to grant his requested finding No. 5, which is fully covered by the trial court's finding No. 10. Appellant's requested finding No. 6 is covered by the trial court's findings Nos. 14, 16 and 17 in all material respects, except as to the possible exclusion from evidence of the purse and the confession.

Appellant's further contention under this point, although not entirely clear, seems to be that his plea of guilty did not waive any question as to illegality of the search and seizure of the purse, although appellant's attorney, who had a transcript of the preliminary hearing, advised appellant that the purse had been taken from his car and that, in his opinion, the purse was admissible in evidence. Appellant's attorney told him to whom the purse belonged and discussed it with appellant. Appellant then contends that his plea of guilty to the unarmed robbery, to the kidnapping and to the sexual assault upon the child, were involuntary and, therefore, there was no waiver of any question as to the illegality of the search and seizure.

The trial court concluded that the search of appellant's car and seizure of the purse was illegal, but that search and seizure could only have affected the charge of unarmed robbery and did not affect the charges of kidnapping and carnal knowledge. It further concluded that the facts as proved did not in any way make appellant's pleas incompetent or involuntary. While fully recognizing the right to have this issue resolved, Hudgins v. United States, 340 F.2d 391 (3d Cir. 1965); United States ex rel. Perpiglia v. Rundle, 221 F. Supp. 1003 (D.C.Pa.1963), in our view the findings made by the trial court were amply supported and the conclusion reached necessarily followed therefrom.

■ Appellant also contends that he did not know of his right to counsel at the preliminary hearing and that he could not waive such right by entering his plea. After consulting with counsel, appellant was arraigned and entered a plea in the district court. This court has repeatedly held that the right to have a preliminary hearing may be and is waived upon entry of a plea in the district court. And, if the preliminary hearing can be thus waived, it follows that the right to counsel at the preliminary hearing can likewise be waived, when compe-

**590**

tently and intelligently done. State v. Gibby, 78 N.M. 414, 432 P.2d 258 (1967); Sanders v. Cox, 74 N.M. 524, 395 P.2d 353 (1964).

The judgment is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.