Mr. Justice Hodges
delivered the opinion of the Court.
The defendants were charged by information with attempted burglary. Defendants Cordova and Briggs failed to appear for trial and defendant Garcia was tried alone. He was found guilty by the jury. The trial court thereafter granted a motion for acquittal of Garcia and also dismissed charges against all three defendants on the ground that the information filed by the district attorney was insufficient because it failed to state an offense. The motion for dismissal on this ground was made prior to trial, however, the trial court reserved its ruling until the conclusion of this trial.
On writ of error, the People challenge the propriety of the trial court’s rulings.
I.
In considering whether or not under the facts of this case the trial court erred in granting the motion for the acquittal of defendant Garcia after the jury had found *524 him guilty, this court sitting en banc, with one Justice not participating, is evenly divided. Justices Hodges, Kelley and Lee would affirm. Chief Justice McWilliams and Justices Day and Pringle would disapprove. Justice Groves did not participate. Therefore, by operation of law, that part of the trial court’s judgment which acquitted the defendant Garcia, is affirmed.
II.
We rule however that the trial court erred in dismissing the information as to all the defendants for its failure to state an offense. That part of the trial court’s judgment is therefore reversed.
The information charged that the three defendants
“[D]id unlawfully and feloniously attempt to break and enter and without force enter the building . . . with intent then and there to commit the crime of theft as that crime is defined by Colorado Revised Statutes, 1963, 40-5-2 as amended....”
The trial court in dismissing the information stated that it is legally insufficient in charging attempted burglary to allege “... with intent then and there to commit the crime of theft....” The trial court, in effect, held that this allegation of intent should have been more specific; that it should have spelled out the type of theft which was intended, because the new theft statute (1967 Perm. Supp., C.R.S. 1963, 40-5-2) is sectionalized into the several ways the crime of theft may be committed.
This issue was resolved by this court in the recent decision of White v. People, 172 Colo. 271, 472 P.2d 674. It was therein held that in a burglary charge, the allegation “with the intent then and there to commit the crime of theft” met the requirements of sufficiency to adequately apprise a defendant of the offense charged.
That part of the trial court’s judgment acquitting defendant Garcia is affirmed; that part of the trial court’s judgment which dismissed the information as to all of the defendants is reversed.
Mr. Justice Groves not participating.