Opinion by
Mr. Justice Lee.
This writ of error is directed to an adverse ruling on Workman’s motion for relief under Colo. R. Crim. P. 35(b).
Workman was convicted of aggravated robbery on his plea of guilty on March 15, 1965, and was sentenced to the state penitentiary. His application for release by way of habeas corpus was denied. Thereafter, in June 1967, he filed his motion for relief under Rule 35 (b) and an evidentiary hearing was held, at which he was represented by the public defender. This motion was denied.
The record shows that on June 23, 1964, Workman, who was then 21 years of age, was in his own words “on the run from Buena Vista” where he had been confined pursuant to a felony conviction. He was proceeding toward Westminster in a stolen car when Sheriff’s Officer Kuhl, of the Adams County Sheriff’s Department, stopped him for investigation. Workman became scared and pulled a gun. Officer Kuhl started to reach for his gun and Workman warned him: “Don’t reach for it or I’ll kill you.” He took the officer’s gun and ordered him into a ditch where he struck him on the head.
Officer Kuhl was so mortified and professionally embarrassed at having been outdrawn by Workman that he concocted a story that two men were involved in the assault and robbery. Peter Gomez was thereafter picked up and identified by Kuhl as one of his assailants. Workman was arrested three days later. Both men were charged by information, verified by Kuhl, with six counts consisting of aggravated robbery, assault with a deadly weapon, larceny of a motor vehicle, and three counts of conspiracy.
Gomez consistently maintained his innocence. Workman advised his court-appointed attorney that Gomez was not involved in the transaction. He likewise sug *197 gested several times to investigating officers that he did not even know Gomez, that Gomez was not implicated, and that Officer Kuhl was lying. They chose to believe their fellow officer and as a consequence Gomez was confined in the Adams County jail, unable to make bond, for a period of over eight months.
Pleas of not guilty were entered to all charges. A motion for severance was granted. In addition to the initial counsel appointed for Workman, a second attorney, who was a former district judge, was also appointed to represent Workman.
Workman, because of his general misbehavior and attempts at escape, was transferred to the state reformatory and later from there to the state penitentiary pending disposition of the charges in Adams County.
Upon advice of his attorneys after negotiations with the district attorney, it was agreed that Workman should plead guilty to aggravated robbery with the understanding that the other five charges against him would be dismissed. On February 24, 1965, his guilty plea was entered. While en route to the penitentiary where he was to be confined pending presentence investigation, he told the officers the details of the assault and robbery, again absolving Gomez of any participation. Officer Kuhl was finally interrogated. He broke down, recanted and admitted Gomez was not in any way involved. Kuhl was forthwith discharged from the sheriff’s department. The next day, on February 26,1965, all charges against Gomez were dismissed and he was released.
On March 15, 1965, Workman was sentenced to a term of ten to twenty-five years in the state penitentiary, to run concurrently with the term he was serving at the time the offense was committed. The court upon motion of the district attorney then dismissed the five other counts of the information.
Kuhl was thereafter charged with perjury, was sentenced on his plea of nolo contendere and placed on probation.
*198 It is contended that the court erred in denying Workman relief under Rule 35 (b). We do not agree and therefore affirm the order denying the motion.
It is argued that the false swearing of Officer Kuhl concerning Gomez’ involvement in the criminal offenses, even though not directed toward Workman, had the psychological effect of coercing a plea of guilty on Workman’s part, in order that he might aid in freeing Gomez from his unjust and unlawful imprisonment. It is further contended that the false swearing amounted to a suppression of evidence and a consequent denial of due process based upon numerous cases, including, among others, Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215; United States ex rel. Thompson v. Dye, 221 F.2d 763; Cheatwood v. People, 164 Colo. 334, 435 P.2d 402.
Concerning the coercion argument, the record indicates a considered, deliberate, advised choice on the part of Workman to change his plea from not guilty to guilty in consideration of a dismissal of all the other charges. He was represented by two competent counsel who were both apprised of Kuhl’s alleged perjury and who weighed the probabilities of Workman’s chances of overcoming the testimony of Kuhl concerning Workman’s guilt, and thereby achieving an acquittal, as opposed to the probability of his being convicted in view of all of the circumstances of the case. Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785. The trial court’s finding that the guilty plea was voluntary and not coerced was amply supported by the record of the proceedings at the time of the entry of the plea, and was not shown to be otherwise by any evidence presented at the hearing on the Rule 35(b) motion.
It is noteworthy that although Workman was afforded ample opportunity to inform the court of the alleged *199 coercive effect of the false accusation by Kuhl against Gomez, both at the time of the change of plea and at the time of sentencing, he did not do so.
As to the suppression of evidence theory, we note that the cases cited apply to the situation where evidence favorable to the accused is withheld from the accused, either intentionally or otherwise, and irrespective of the good or bad faith of the prosecution. Here, the false charge against Gomez cannot be equated as evidence against Workman. It is argued, however, that if it had not been for the false affidavit concerning Gomez, the three conspiracy charges would not have been filed against Workman. We find no prejudice resulting from these improper accusations, as all charges other than aggravated robbery were dismissed against Workman.
Further, it is contended that the trial court at the time of sentencing was influenced by the pendency of the three conspiracy counts against Workman and that he received a greater sentence than he would otherwise have received. The record shows the court was aware that all charges against Gomez had been dismissed, such having been ordered by the same judge three weeks earlier. Moreover, the court had before it the presentence investigation report which contained Workman’s detailed account of the robbery, his statements concerning the innocence of Gomez, the details of Workman’s past criminal record, and other matters relevant to the sentencing function. We are unable to conclude that the trial court was not aware that the other pending charges against Workman were to be dismissed upon the imposition of the sentence for aggravated robbery, or that the trial court was more severe in the sentence imposed than it might otherwise have been.
Lastly, it is contended that the information was totally invalid because of the false affidavit. Admittedly, the verification was false as to all counts concerning Gomez and as to the conspiracy counts relating to Workman. Not so as to the counts of robbery, assault with a *200 deadly weapon, and larceny of a motor vehicle as related to Workman. Even though Workman and his counsel were aware of the falsity of the affidavit from the beginning, and that such was absolutely demonstrated when Kuhl recanted and the charges against Gomez were dismissed, no objections were ever made to the information at any time, although ample opportunity existed to do so prior to sentencing. Unless timely objection is made to the insufficiency of the required verification of the information, alleged defects are waived. Bustamante v. People, 136 Colo. 362, 317 P.2d 885; Harris v. Municipal Court, 123 Colo. 539, 234 P.2d 1055; Curl v. People, 53 Colo. 578, 127 P. 951; Bergdahl v. People, 27 Colo, 302, 61 P. 228.
The judgment is affirmed.
Mr. Chief Justice Pringle, Mr. Justice Kelley and Mr. Justice Groves concur.