No. 23767.

STEVEN MARAGGOS *v.* THE PEOPLE OF
THE STATE OF COLORADO.

No. 23848.

ROBERT STEPHEN MAHONEY *v.* THE PEOPLE OF
THE STATE OF COLORADO.
(486 P.2d 1)

Decided June 14, 1971.

JOE R. ATENCIO, for plaintiff in error Steven Maraggos.

H. E. CARLENO, for plaintiff in error Robert Stephen Mahoney.

DUKE W. DUNBAR, Attorney General, JOHN P. MOORE, Deputy, EUGENE C. CAVALIERE, for defendant in error.

*In Department.*

Opinion by DANIEL J. SHANNON, District Judge.*

STEVEN MARAGGOS and ROBERT STEPHEN MAHONEY, plaintiffs in error, hereinafter referred to as defendants, were charged jointly with attempted burglary and conspiracy to commit burglary. Defendants were tried jointly in the lower court, found guilty of both charges and sentenced

to two to three years in the state penitentiary on each count — sentences of each defendant to run concurrently. The case comes before this court on consolidated writs of error.

The defendants argue (1) that the People failed to prove that the defendants had the required specific intent to commit the crime of larceny; (2) that the trial court lacked jurisdiction over the case in that the original information contained defects of substance and that the trial court erred in permitting the People to amend the information just prior to trial; (3) that the trial court lacked jurisdiction in the case in that the verification of the information was defective; (4) that the trial court erred in permitting the People to amend the information at the conclusion of the People's case; and (5) that the trial court erred when it failed to arraign the defendants on the amended counts.

We conclude that the trial court had proper juris-diction in this case and that the evidence in the record is sufficient to support the jury determination of guilty as to both defendants on both charges. We find no error in the rulings of the trial court.

I.

The defendants argue that the People failed to prove that the defendants had the required specific intent to commit the crime of larceny. The evidence shows that on October 22, 1967, while checking a shopping center after closing hours, Officer Frederick observed two persons in the passageway near the rear entrance of one of the stores. As the officer approached, one of the persons started to run but then stopped and walked away. The officer noted that both individuals had white coverings on their hands, and one carried a two-to-three-foot object. A short time later the men were again seen, with one of them throwing something into a weeded field. At this point, the officer stopped and questioned their reason for being at the shopping center. The officer looked into the field and found a flashlight. A further search disclosed

a pair of white gloves, a pair of white socks and a crowbar. An inspection of the store showed considerable recent damage to the rear door. Paint samples from the crowbar matched that on the rear door area. Entry had not been gained but the door was severely damaged.

We find the circumstantial evidence in the record as to the intent of the defendants to be sufficient to support the jury's verdict. C.R.S. 1963, 40-1-2 states that "intention is manifested by the circumstances connected with the perpetration of the offense, and the sound mind and discretion of the person(s) accused." Further, we have just recently held in a case with somewhat of an analogous fact situation as follows:

"Intent to steal, is of course, an essential element of the proof of the charge made here. Intent is a state of mind existing at the time a person commits an offense. That intent is not, however, required to be proved by direct substantive evidence, for to do so would make it impossible to convict in any case where there was not a culmination of the intent. So we have said, and the uniform rule is, that the mind of an alleged offender may be read from his acts, his conduct, and the reasonable inferences which may be drawn from the circumstances of the case. See *Pueblo v. Sanders,* 151 Colo. 216, 376 P.2d 996. The general rule which we find to be supported by reason and logic is that where one breaks and enters into the property of another in the night time, an inference may be drawn that he did so with the intent to commit larceny." *Garcia v. People,* 172 Colo. 329, 473 P.2d 169; *Goddard v. People,* 172 Colo. 498, 474 P.2d 210.

II.

The defendants argue that the trial court lacked jurisdiction in the case because the original information was defective in that it failed to allege that the defendants had the requisite specific intent to commit the crime of burglary. The record reflects that the court granted a motion made by the People just prior to trial to amend the information to include the necessary ele-

ment of specific intent. It is clear that an information may be amended as to form or substance at any time prior to trial. Crim. P. 7(e). Here, the amendment cured the defect in the information. *People v. Cordova,* 172 Colo. 522, 474 P.2d 615.

The defendants further argue that the court erred in granting the motion because the motion constituted a "substantial change" without the required five days' notice or permission by the defendants as required by Crim. P. 45(d). However, at the hearing just prior to trial, the defendants failed to object to the lack of notice, nor did they request a continuance. Their silence constituted a waiver of the five-day notice.

### III.

The defendants argue that the trial court lacked jurisdiction in the case for the reason that the verification of the information was defective. Whatever may be the merits of this argument, if any, it fails for lack of timely objection. We have often held that alleged defects in the verification of an information are waived unless timely objection is made. *Workman v. People,* 174 Colo. 194, 483 P.2d 213; *Bustamonte v. People,* 136 Colo. 362, 317 P.2d 885; *Harris v. Municipal Court,* 123 Colo. 539, 234 P.2d 1055; *Curl v. People,* 53 Colo. 578, 127 P. 951.

Objections to the want of a verifying affidavit and to the competency and credibility of the affiant are raised by the defendants for the first time in their Motion in Arrest of Judgment or in the Alternative for a New Trial. The record does not reveal that any objections were raised prior to this time, although the opportunity existed. The objections, being made after the defendants had been charged, tried and convicted, come too late. *Hubbard v. People,* 153 Colo. 252, 385 P.2d 419.

### IV.

The defendants were charged with attempted burglary and conspiracy to commit burglary against the building of Maurice G. Sheely doing business as Smokey's Hide-

way. The trial court granted a motion made by the People at the close of the People's case to amend both counts by interlineation by substituting the words "W and M Corporation" for "Maurice G. Sheely." The defendants argue that the amendment prejudiced their rights and was an amendment going to the substance of the charges, and therefore, cannot be made during trial.

The amendment does not charge an additional or different offense. It does not change the description, location or name of the business. It merely changes the name of the owner of the building and does not go to the essence of either charge. Such an amendment is one of form rather than substance. *Collins v. People,* 69 Colo. 353, 195 P. 525. It may be permitted any time prior to verdict. Crim. P. 7(e); *Romero v. People,* 134 Colo. 342, 304 P.2d 639.

We find no merit in the remaining assignments of error.

The judgment is affirmed.

MR. JUSTICE DAY, MR. JUSTICE GROVES and MR. JUSTICE ERICKSON concur.

---

*District Judge sitting under assignment by the Chief Justice under provisions of article VI, section 5(3) of the constitution of Colorado.