## No. 24874

### The People of the State of Colorado v. Donald Emory Major
(499 P.2d 1200)

Decided July 24, 1972.                    Rehearing denied August 28, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, David A. Sorenson, Assistant, for plaintiff-appellee.

Rollie R. Rogers, State Public Defender, J. D. MacFarlane, Chief Deputy, Thomas M. Van Cleave III, Deputy, for defendant-appellant.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

The defendant was convicted of the crime of breaking and entering a motor vehicle with intent to commit theft. We reverse and remand for a new trial.

1967 Perm. Supp., C.R.S. 1963, 40-5-10 reads as follows: "(1) Every person who shall break and enter any motor vehicle, with the intent to commit the crime of theft, shall be deemed guilty of a felony . . .

"(2) Every person who shall enter without breaking any motor vehicle, with the intent to commit the crime of theft and steals therefrom money, goods, or other valuable thing, shall be deemed guilty of a felony . . ."

The defendant was charged under paragraph (1), *i.e.* breaking and entering a motor vehicle with intent to steal.

The vehicle involved — a 1965 Oldsmobile convertible —

was on the parking lot of a service station. It was not locked and the rear window had been broken out for some time. At about 4:00 a.m. the defendant was found in this convertible. The shield back of the rear seat had been ripped out very recently, thus providing access to the trunk. A ruined spare tire and other miscellaneous items were in the trunk. The defendant had taken nothing.

## I.

■ The defendant has assigned as error the failure to instruct the jury as to the definition of theft. The defendant did not request or tender a proposed instruction on this subject, and no error was claimed in this regard in the motion for a new trial. The jury was instructed that the defendant was charged with unlawfully and feloniously breaking and entering a motor vehicle "with intent then and there to commit the crime of theft therein." As this instruction was given, we do not regard the failure to instruct on the definition of theft as plain error or a defect affecting substantial rights which may be noticed although not brought to the attention of the court under Crim. P. 52(b).

## II.

■ Instruction No. 6, given to the jury, read as follows: "You are instructed that there is a 'breaking' for the purposes of this charge if any force at all, however slight, is employed to effect an entrance, even such as the opening of an unlocked door."

We agree with the defendant that this is not a correct definition of the "breaking" used in the statute and that this is plain error affecting substantial rights which we should notice under Crim. P. 52(b).

The Attorney General cites burglary cases which hold that opening a closed, but unlocked, door is a breaking. We, on the other hand, believe that the General Assembly intended otherwise by the terms of 1967 Perm. Supp., C.R.S. 1963, 40-5-10. It provided first that it was a felony for a person to "break and enter any motor vehicle, with the intent to commit the crime of theft." By contrast, under part (2) of the statute a person who enters without breaking is guilty of

a felony only if he does in fact steal something. To accept the interpretation urged by the Attorney General would render the 40-5-10(2) rather superfluous.

### III.

In *People v. Romero,* 179 Colo. 159, 499 P.2d 604, it was held that paragraph (2) of the statute was violated by a person who, with intent to steal, removes articles from the truck portion of a pick-up. Thus, there is presented the possibility of a "breaking and entering" offense having been committed by the removal of the shield in front of the trunk.

The case was not tried on this theory and the matter was not submitted to a jury. In the light of this possibility, we have concluded that we should not direct that the defendant be discharged but rather, if the district attorney desires, that there be a new trial under the present charge based upon this theory of the case.

The judgment is reversed and the cause remanded with directions that the defendant be granted a new trial.

MR. JUSTICE HODGES not participating.