The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Stephen Lee JIRON, Defendant–Appellant.

No. 78–734.

Colorado Court of Appeals, Div. II.

May 1, 1980.

As Modified on Denial of Rehearing June 26, 1980.

Certiorari Denied Sept. 15, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., James F. Carr, Asst. Atty. Gen., Denver, for plaintiff–appellee.

J. Gregory Walta, Colorado State Public Defender, Larry S. Pozner, Spec. Deputy Public Defender, Denver, for defendant–appellant.

KIRSHBAUM, Judge.

Defendant Stephen Lee Jiron appeals his conviction of criminal attempt to commit second degree burglary. He contends that the information filed against him failed to allege an offense and that his motions for judgment of acquittal should have been granted. Noting plain error, we reverse.

The information contained the following allegations:

"STEPHEN LEE JIRON, did unlawful and feloniously attempt to commit the crime of 2° Burglary (Class 3 Felony) against MARGO NEWELL, and did engage in conduct constituting a substantial step toward the commission of said crime, as defined by 18–4–203, C.R.S. 1973, as amended; contrary to the form of the statute in such case made and provided, and against the peace and dignity of the People of the State of Colorado."

Defendant contends that this information is deficient because it did not specify the ulterior crime he allegedly intended to commit, citing *People v. Cordova*, 172 Colo. 522, 474 P.2d 615 (1970) and *White v. People*, 172 Colo. 271, 472 P.2d 674 (1970). Both cases are distinguishable from the situation here, however.

The offense charged in *White* was burglary, not attempt to commit burglary. In *Cordova*, the information approved by the Supreme Court referred specifically to an alleged attempt to commit theft. Here the information recites the elements of the inchoate crime of attempt in the language of the statute which defines that offense, and includes a reference to the statute defining the burglary allegedly attempted. Defendant claims no surprise or prejudice resulting from the absence of an allegation specifying the ulterior crime to be relied upon by the People in their proof of the elements of burglary. Indeed, he did not challenge the sufficiency of the information at any stage of the trial proceedings, and did not raise the issues in the motion for new trial filed below.

Under these circumstances, while specification of the ulterior crime in either the original or an amended information might be the better practice, the information filed here adequately describes the offense of attempt with which defendant was charged. Further particulars, if desired, could have been obtained by appropriate pretrial motions. *See Mora v. People*, 172 Colo. 261, 472 P.2d 142 (1970). Hence, the information is not so defective as to mandate dismissal of the charge.

Defendant's contentions respecting the court's rulings denying his motions for judgment of acquittal are not supported by the record. When viewed most favorably for the People, the evidence established a prima facie case that defendant took a substantial step toward breaking and entering

a residence with intent to commit theft. Thus the trial court's rulings were appropriate. *People v. Bennett*, 183 Colo. 125, 515 P.2d 466 (1973).

 The jury was instructed that one element of the offense of second degree burglary was "specific intent to commit theft." However, the record contains no instruction defining the offense of theft or any of its elements. The elements constituting the crime of theft must be explained to the jury when that is the ulterior crime referred to in cases alleging burglary offenses. *See People v. Archuleta*, 180 Colo. 156, 503 P.2d 346 (1972). As the jury was not so informed here, it could not determine whether defendant's intent was that proscribed by the burglary statute. Such intent must be established when the offense charged is attempted burglary. *See* § 18–2–101(1), C.R.S. 1973 (1978 Repl. Vol. 8).

In *People v. Major*, 179 Colo. 204, 499 P.2d 1200 (1972) the court held that failure to define the elements of theft in a case charging defendant with entering a motor vehicle with intent to commit theft did not constitute plain error in the absence of a request for such instruction. However, the information in *Major* alleged that the defendant intended to commit the crime of theft. Here, the information contained no reference to any underlying offense. Whether any error is sufficiently grave to seriously affect the substantial rights of the accused must be determined on the basis of the particular facts or laws involved in each particular case. *See People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972). In view of the circumstantial nature of the People's evidence here and the failure of the information to inform the jury or the defendant of the underlying offense relied upon to constitute the attempt charged, the absence of any instruction defining the elements of theft must be deemed to have contributed significantly to defendant's conviction and, therefore, to constitute plain error in this case. *See People v. Hardin*, Colo., 607 P.2d 1291 (1980).

The judgment of conviction is reversed and the cause is remanded for new trial.

RULAND and STERNBERG, JJ., concur.