The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Eloy Gonzales BARNHART, Defendant-Appellant.

No. 80CA0486.

Colorado Court of Appeals, Div. I.

Sept. 3, 1981.

Rehearing Denied Nov. 12, 1981.

Certiorari Denied Jan. 11, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sp. Asst. Atty. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jody Sorenson Theis, Deputy State Public Defender, Denver, for defendant-appellant.

KIRSHBAUM, Judge.

Defendant appeals his convictions by jury of second degree burglary and criminal mischief. We affirm.

The record establishes the following facts. At about 3:40 a. m. on November 15, 1979, a silent alarm at Eaton High School in Weld County was activated. The school principal immediately went to the school and discovered defendant in the main office. Entrance to the building had been gained through an unlocked door, screwdriver marks were discovered on the main office door, a window to the office had been broken, and the vice-principal's desk had been pried open. Police officer Jeglum arrived several minutes later.

When defendant was apprehended, he stated he was looking for food and pleaded with the principal to let him go. Both the principal and officer Jeglum testified that, although defendant had an odor of alcohol on his breath, he understood their conversations and did not appear to be intoxicated.

Ernest Garza, a friend of defendant, testified that he and defendant drank a lot of beer from noon on November 14 until the morning of November 15, and that when they parted company defendant was intoxicated. Garza was unable to recall the amount of beer defendant actually consumed.

Defendant first contends that the evidence was insufficient to establish the element of specific intent because he was too intoxicated to form the requisite intent. We disagree.

In order to sustain a conviction for second degree burglary there must be evidence that the accused entered the building with intent to commit a crime. Section 18–4–203, C.R.S.1973 (1978 Repl. Vol. 8); *Hutton v. People*, 177 Colo. 448, 494 P.2d 822 (1972). Moreover, voluntary intoxication may serve to establish an affirmative defense to specific intent crimes. Section 18–1–804(1), C.R.S.1973 (1978 Repl. Vol. 8); *People v. DelGuidice*, Colo., 606 P.2d 840 (1979).

Here, the jury was properly instructed on specific intent and on defendant's affirmative defense of intoxication. The evidence is sufficient to support the jury's conclusion that defendant was not too intoxicated to form a specific intent to commit a crime; hence, that decision must be affirmed. *People v. Romero*, 182 Colo. 50, 511 P.2d 466 (1973).

Defendant next contends that the trial court's failure to instruct the jury on theft constitutes plain error. We disagree.

It is true, as defendant argues, that a trial court must instruct the jury properly on each essential element of the crime charged, and that failure to do so constitutes plain error. *People v. Bridges*, Colo., 620 P.2d 1 (1980). In cases involving alleged burglary, the specific ulterior crime must be defined clearly to permit the jury to determine whether the defendant's intent at the time of the incident was the intent prescribed by the statute defining the offense of burglary. *People v. Archuleta*, 191 Colo. 482, 554 P.2d 307 (1976).

Here, the information charged defendant with two underlying crimes: criminal mischief and theft. The elements of criminal mischief were correctly defined by the instructions, and the jury found defendant guilty of criminal mischief. Thus, this court's decision in *People v. Jiron*, Colo. App., 616 P.2d 166 (1980), upon which defendant relies, is wholly inapposite. The information in *Jiron* failed to allege any underlying offense, and none was defined by the instructions in that case. As the offense of burglary with intent to commit criminal mischief was both alleged and established here, the trial court's failure to instruct the jury as to the elements of theft constitutes harmless error. *People v. Barker*, 180 Colo. 28, 501 P.2d 1041 (1972); *People v. Major*, 179 Colo. 204, 499 P.2d 1200 (1972).

Defendant finally argues that the trial court erred in instructing the jury in the disjunctive respecting the underlying offenses of second degree burglary and criminal mischief because the amended information charged such offenses in the conjunctive. We find such contention to be without merit.

Judgment affirmed.

COYTE and STERNBERG, JJ., concur.